Forrest N. JENKINS; James R. Williford; Joe Taylor, III; and Citizens Bank of Marion *v.* Thomas B. GOLDSBY, Jr. and Mid-South Mortgage Company, Inc.

90-168                                                822 S.W.2d 843

Supreme Court of Arkansas
Opinion delivered January 13, 1992

*Borod & Kramer*, by: *F. Guthrie Castle, Jr.*, and *Sloan, Rubens & Peeples*, by: *Kent J. Rubens*, for appellants.

*Findler, Gibson, & Bearden*, by: *Michael R. Bearden*, for appellee.

*Hilburn, Calhoun, Harper, Pruniski & Calhoun, Ltd.*, by: *Scott E. Daniel*; and *James D. Causey*, for appellees Thomas B. Goldsby, Jr., and Mid-South Mortgage Co., Inc.

RAY S. SMITH, JR., Special Justice. On January 30, 1989 Thomas B. Goldsby, Jr., and Mid-South Mortgage Company, Inc. (hereinafter referred to as appellees), filed a complaint in the Chancery Court of Crittenden County seeking an accounting, a declaratory judgment, rescission, a preliminary injunction, and restitution. Included in the allegations of the complaint were assertions that the stock sale agreement at issue was obtained by appellants as a result of unfair advantage, duress, overreaching

and without consideration.

On February 20, 1989, the appellants filed two motions. The first was a motion to extend the time for an answer and the second, a motion to require the appellees to comply with Ark. R. Civ. P. 9(b) to make their allegations more definite and certain. The appellants' prayer also asked that the complaint be dismissed for failure to comply with Rule 9(b).

Both parties filed additional motions. The Court held a hearing on March 14, 1989, with all parties present. He subsequently entered an order scheduling depositions to begin on April 17, 1989, and gave appellees 30 days in which to amend their pleadings, stating with particularity the facts of coercion, duress and other matters. On April 7, 1989, the appellees filed a motion to dismiss without prejudice under the provisions of Ark. R. Civ. P. 41(a).

On April 18, 1989, the appellants responded to the motion requesting that the Court dismiss with prejudice and for other sanctioned relief. On July 19, 1989, another hearing was held. After hearing the arguments of counsel the Court asked for authorities from the various counsel. A final hearing was held on November 22, 1989, at which all counsel were present, and after argument, the Court entered its order holding in paragraphs 4 and 5 as follows:

> 4. The court disagrees and concludes that it is bound by the recent decision of the Arkansas Supreme Court which states that the right to a voluntary nonsuit is absolute.

> 5. The court further finds that sanctions should not be imposed and are not warranted because after the complaint was filed and in response to a motion to dismiss filed by the defendants, counsel for plaintiffs stated that she needed to review the basis for plaintiffs' claims for fraud and conflict of interest and upon review filed a motion for nonsuit.

The Court also authorized the appellants to submit further evidence but acknowledged it was not changing its opinion, nor would it consider the exhibits. From this order, the appellants appealed, and we now affirm the Chancellor.

In the case now before us, within a 67 day period there was a complaint filed, motions filed to make more definite and certain and for taking of depositions, for which notice was given, and a motion to dismiss. Appellants raise two questions:

> (1)   Is the right of a voluntary nonsuit under Ark. R. Civ. P. 41 mandatory?

> (2)   How does Ark. R. Civ. P. Rule 11 apply where a voluntary nonsuit has been filed?.

■ We have held in both *Duty* v. *Watkins*, 298 Ark. 437, 768 S.W.2d 526 (1989), and *Brown* v. *St. Paul Mercury Ins. Co.*, 300 Ark. 241, 778 S.W.2d 610 (1989), that a voluntary nonsuit is an absolute right prior to final submission to a jury or to the court sitting as a jury, and in accordance with other conditions therein. The matter of the applicability of sanctions was fully reviewed and discussed in *Bratton* v. *Gunn*, 300 Ark. 140, 777 S.W.2d 219 (1989).

In *Bratton* v. *Gunn, supra*, suit was filed alleging that an insurance agent had accepted premiums but did not obtain insurance coverage. This was denied by the agent, who subsequently filed a motion for summary judgment, attaching affidavits and documentary evidence as exhibits. No response to the motion for summary judgment was filed and, on the day before hearing, the appellee (plaintiff below) filed for and obtained a voluntary nonsuit. Shortly before the nonsuit was entered, the appellant (defendant below) filed a motion for Ark. R. Civ. P. Rule 11 sanctions, to which were attached an affidavit and other exhibits. Both parties appeared before the Trial Court for a hearing on the Rule 11 motion. No testimony was taken, no exhibits were introduced, and no record was made of the proceedings. The Trial Court entered its order in which it held that the motion for Rule 11 sanctions was without merit and that sanctions should not be granted.

*Bratton* v. *Gunn, supra* has many similarities to the case at bar in that no testimony was taken, no evidence was introduced and, although a record was made of the hearing, it was only argument of counsel. There we held that the imposition of sanctions is a serious matter to be handled with circumspection and that the Trial Court's decision was due substantial deference.

We also held that whether a violation of Rule 11 has occurred is a matter for the Court to determine and that while it involves matters of judgment and degree, it requires the Trial Court to consider evidence, which should be presented by the moving party alleging the violation of Rule 11. We concluded that, though there may have been sufficient conduct of the plaintiff's attorney to warrant a finding that Rule 11 was violated, the record did not reflect any evidence to substantiate such claim.

■ The burden is on the moving party to demonstrate error and to bring up a record which so demonstrates. *RAD-Razorback Ltd. Partnership* v. *B.G. Coney Co.*, 289 Ark. 550, 713 S.W.2d 462 (1986). When the appellant does not demonstrate error, we affirm. In neither the *Bratton* case, nor in the case on appeal herein, were exhibits introduced or testimony taken. A record was made in this case, as distinguished from the *Bratton* case, but the record was only on the arguments of counsel. There was no evidence introduced before the Court.

■ The Trial Court held that it was granting the motion for nonsuit and further held that it did not feel this was the type case to which Rule 11 should apply and for which sanctions should be granted. The appellants have presented nothing which would support a conclusion that this ruling was in error, including the correspondence placed into the record after final determination. Under the circumstances of this case, as reflected by the lack of any proof that the appellees had no factual basis for allegations of the complaint and the absence of properly pled Statute of Limitations defense, the Trial Court did not err in finding that Rule 11 sanctions were not warranted.

This Court cannot and does not give advisory opinions, so the request of the appellants that such be done must be denied. The Arkansas Rules of Civil Procedure are for the benefit, not only of attorneys but, more specifically, for the administrative procedures of the trial courts. Rule 11 is no exception, and under Arkansas law, though sanctions can be imposed and costs levied where the trial court feels it is warranted, such sanctions are not an arbitrary right, nor do they create an additional right in favor of either party.

Affirmed.

Special Justices TED BOSWELL and GREGORY G. SMITH join in this opinion.

HAYS, GLAZE, CORBIN and BROWN, JJ., not participating.