SPRING CREEK LIVING CENTER Limited Partnership
*v.* Vivian SARRETT

94-454 883 S.W.2d 820

Supreme Court of Arkansas
Opinion delivered October 3, 1994

*Anderson & Kilpatrick*, by: *Overton S. Anderson*, for appellant.

*David Hodges*, for appellee.

PER CURIAM. The appellee, Vivian Sarrett, has filed a motion to dismiss the appeal of Spring Creek Living Center Limited Partnership (Spring Creek) from a judgment entered on October 8, 1993. The basis for the motion is the Trial Court's failure to rule on motions and cross-motions for sanctions under Ark. R. Civ. P. 11 that were filed prior to the trial. According to Ms. Sarrett, this resulted in an adjudication of fewer than all the claims of all the parties, thus the appeal is in violation of Ark. R. Civ. P. 54(b) as there is no final order. We hold a request for Rule 11 sanctions does not constitute a "claim for relief" as that term is used in Rule 54(b). The motion to dismiss is, therefore, denied.

The appeal is from a judgment entered in favor of Vivian Sarrett against Spring Creek. Ms. Sarrett alleged negligence against Spring Creek and agents of Southern Key Investments. She later amended her complaint to include an allegation that the employees and agents of Southern Key conspired against her. The matter proceeded to trial in September 1993. A directed verdict was granted in favor of Southern Key Investments as to all allegations against it. The Trial Court also directed a defendant's verdict on the allegations of conspiracy. The negligence issue was submitted to the jury which awarded $30,000 to Ms. Sarrett. A judgment in that amount was entered against Spring Creek.

Before the trial, Ms. Sarrett's attorneys moved for Rule 11 sanctions. A counter-motion for sanctions was filed by the attorneys for Spring Creek and Southern Key. The Trial Court did not rule on either.

In support of her motion to dismiss, Ms. Sarrett argues that a motion for Rule 11 sanctions is a "claim for relief," under Rule 54(b), thus there had not been a final judgment as not all claims for relief had been ruled upon. The decisions of this Court that have interpreted Rule 54(b) have involved cases of multiple causes of action and multiple parties. *See Maroney* v. *City of Malvern*, 317 Ark. 177, 876 S.W.2d 585 (1994); *Smith* v. *Leonard*, 310 Ark. 782, 840 S.W.2d 167 (1992). The issue of whether a motion for sanctions under Rule 11 constitutes a "claim for relief" under Rule 54(b) appears in this Court for the first time.

■■ Decisions of the federal courts that have interpreted Fed. R. Civ. P. 11 have held that motions requesting Rule 11 sanctions present issues collateral to the merits of the underlying action. In *Lupo* v. *R. Rowland and Co.*, 857 F.2d. 482 (8th. Cir. 1988), it was held that Rule 11 motions filed after a judgment was entered were not motions to amend the judgment under Fed. R. Civ. P. 59(e). In reaching this decision, the Court concluded that a Rule 11 motion "raises a collateral and independent claim, not a matter integral to the merits of the action." *See also Cooter & Gell* v. *Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447 (1990).

The federal courts have also held that the collateral nature of Rule 11 motions allows a trial court to rule on them while an

appeal on the merits is pending. In *Robinson* v. *Eng*, 148 F.R.D. 635 (D. Neb. 1993), the defendants filed motions requesting sanctions under Rule 11. Subsequently, the Trial Court dismissed the plaintiff's action, but did not address the motions for sanctions in the judgment and had not considered them by the time the plaintiff filed an appeal. The District Court held that, because of the collateral nature of the Rule 11 requests for sanctions, it retained jurisdiction to rule on them even though a final judgment on the underlying action had been entered and was pending on appeal. Federal circuit courts of appeals have also reached this result. *See Regional Refuse Systems* v. *Inland Reclamation Co.*, 842 F.2d 150, 156 (6th Cir. 1988).

■ We hold the motions requesting sanctions under Ark. R. Civ. P. 11 are collateral to the merits of the underlying action and do not constitute "claims for relief" as that term is used in Rule 54(b).

Motion denied.