814

Guy C. BARNES *v.* STATE of Arkansas

CR 95-1075                                    912 S.W.2d 405

Supreme Court of Arkansas
Opinion delivered December 18, 1995

*Petitioner*, pro se.

No response.

PER CURIAM. Guy C. Barnes tendered to this court a pro se petition for writ of mandamus in which he contended that the Circuit Court of Sebastian County had improperly refused to allow him to appeal as an indigent even though he filed a timely notice of appeal. With the petition for writ of mandamus, petitioner Barnes furnished an order of the circuit court entered April 18, 1995, denying relief pursuant to Criminal Procedure Rule 37. We presumed the notice of appeal was from that order. In an order entered August 9, 1995, the circuit court had directed that the notice of appeal and designation of record be stricken from

the record and that the record not be prepared at public expense for an appeal unless a higher authority were to order it prepared.

Because there was no reason given in the order for striking the notice of appeal, it could not be determined why the notice of appeal was dismissed from the record. So that the ground or grounds for striking the notice of appeal could be determined, we treated the petition for writ of mandamus as a petition for writ of certiorari and directed the Circuit Clerk of Sebastian County, Ft. Smith District, to provide the record with respect to the Rule 37 petition which was denied on April 18, 1995.

The record has been received and the mandamus petition filed. The record reflects that the notice of appeal was filed by petitioner on August 3, 1995. Rule 4(a) of the Rules of Appellate Procedure provides that, to be effective, a notice of appeal must be filed within thirty days of the date an order is entered. It is likely that the trial court dismissed it because it was untimely as this court would do.

While we agree that the notice was untimely and, as a result, deny the petition for writ of mandamus, we take this opportunity to note that pursuant to Rule 3(b) of the Rules of Appellate Procedure a trial court cannot dismiss a notice of appeal, whether timely or untimely, without a proper stipulation of the parties or a motion to dismiss filed by the appellant. It is not within the authority of a trial court to pass on the validity of a notice of appeal and dismiss it *sua sponte*. At the least, a partial record suitable for tender to the appellate court should be prepared whereby the appellant may tender the record and allow the appellate court to determine whether the appeal should be lodged.

Petition for Writ of Mandamus Denied.