Doyle PARHAM, Christopher Simmons, and Richard Carr, as Trustees on Behalf of Bethel Missionary Baptist Church *v.*
CHURCH MUTUAL INSURANCE COMPANY

CA 95-197                                                      922 S.W.2d 724

Court of Appeals of Arkansas
En Banc
Opinion on Rehearing Setting Aside Original Opinion
delivered May 8, 1996

*Tony Price*, for appellants.

*Richard Watts*, for appellee.

JOHN E. JENNINGS, Chief Judge. On March 27, 1996, we handed down an opinion in this case which reversed the decision of the circuit court. It was a panel decision with Judge Neal writing the opinion. Judges Mayfield and Jennings were also on the panel.

On April 10, 1996, Church Mutual filed a petition for rehearing en banc. Under Ark. Code Ann. § 16-12-113 (Repl. 1994) and the corresponding internal rules of this court, an additional three-judge panel (division) was assigned to participate in the rehearing. The additional panel was composed of Judges Cooper, Stroud, and Griffen.

Judge Griffen promptly recused and at this point Judge Neal realized he was disqualified and recused.

On April 22, Church Mutual filed a "Motion to Supplement Petition for Rehearing En Banc" asking that Judge Neal recuse on the basis that his wife is presently being represented in civil litigation by the firm of Wright, Lindsay and Jennings, which also represented the appellants in the case at bar. By the time of the filing of the "Motion to Supplement," Judge Neal had already recused.

Under rules of this court Judges Pittman and Rogers were designated to take the places of Judges Neal and Griffen in considering the petition for rehearing. Both Judges Pittman and Rogers have recused for unrelated reasons.

We have given considerable thought to what our proper course of action should be in light of the decision of the supreme court in *Johnson Timber Corp. v. Sturdivant*, 295 Ark. 663-B, 758 S.W.2d 415 (1988), which involved a somewhat similar situation. In *Sturdivant*, the justice who authored the original opinion later determined that he should have disqualified, even though his failure to do so was inadvertent. Although there are differences between *Sturdivant* and the case at bar, including the fact that the supreme

court sits en banc in every case while we function primarily in three-judge divisions, we have concluded that the remaining judges on the court should also disqualify, that the opinion previously delivered in this case should be vacated, and that we should ask the chief justice of the supreme court to assign three special judges to hear the case anew. As the supreme court noted in *Sturdivant* this course of action is not absolutely required by United States Supreme Court decisions and furthermore is a decision that rests with each individual judge. Judges Mayfield and Jennings were in the original panel that decided the case. While the remaining three judges available to consider the petition for rehearing, Judges Cooper, Stroud, and Robbins, did not participate in the original decision, they did participate in the approval of the opinion and the vote on publication.

We sincerely regret the delay that this course of action will entail but believe that this is our best choice under the circumstances.

Our previous decision is set aside.

MAYFIELD, COOPER, STROUD, and ROBBINS, JJ., agree.

NEAL, GRIFFEN, PITTMAN, and ROGERS, JJ., not participating.