Sherman NOBLE *v*. STATE of Arkansas

CR 96-1107                                          932 S.W.2d 752

Supreme Court of Arkansas
Opinion delivered October 28, 1996

*Lewellen & Associates*, by: *R.C. Lewellen*, for petitioner.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y

Gen., for respondent.

PER CURIAM. Petitioner, Sherman Noble, has petitioned this court to issue a writ of mandamus to the Honorable Fred Davis, III, Circuit Judge, and to Jeanette Hence, Circuit Clerk. We decline to issue the writ.

The partial record shows that on May 21, 1996, the circuit court entered an order adverse to petitioner. Thirty-one days later, on June 21, 1996, petitioner filed a notice of appeal and designation of record. On June 26, 1996, the circuit judge dismissed the notice of appeal, and the circuit clerk refuses to tender a record to this court.

■■ The circuit judge was in error in dismissing the appeal. It is not within the authority of a trial court to pass on the validity of a notice of appeal and dismiss it *sua sponte*. *Barnes* v. *State*, 322 Ark. 814, 912 S.W.2d 405 (1995). At the least, a partial record suitable for tender to the appellate court should be prepared whereby the appellant may tender the record, which would allow the appellate court to determine whether the appeal should be lodged. *Barnes*, 322 Ark. at 815, 912 S.W.2d at 406. However, even though the circuit judge erred, we decline to issue a writ of mandamus. The notice of appeal was untimely, *see* Ark. R. App. P. 4(a), and it would be a vain and useless act to mandamus the circuit judge to reinstate the notice of appeal and then dismiss the appeal in this court. The law does not require a vain and useless act. *Jacobs* v. *State*, 321 Ark. 561, 906 S.W.2d 670 (1995).

Writ declined.