Gary STAHL *v.* STATE of Arkansas

CR 97-287                                      940 S.W.2d 880

Supreme Court of Arkansas
Opinion delivered April 7, 1997

*Randel Miller, P.A.,* by: *Randel Miller,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Kelly Terry,* Asst. Att'y Gen., for appellee.

PER CURIAM. Petitioner Gary Stahl, by his attorney, requests this court to issue a writ of prohibition to set aside the trial court's order striking Stahl's notice of appeal.

On January 24, 1997, Stahl was found guilty of four counts of drug-related charges and sentenced to 150 years' imprisonment. Six days later, Stahl escaped from the Lawrence County Jail and as of the date this petition was filed remained at large. Stating that he knew that Stahl wished to appeal the judgments of conviction, his counsel filed a notice of appeal on February 20, 1997. On February 21, 1997, the prosecuting attorney filed a motion to strike the notice of appeal and questioned whether Stahl "truly desired" to appeal his convictions. The trial court granted the motion and

ordered the notice of appeal struck because Stahl had not signed the notice of appeal.

■ We treat the petition for writ of prohibition as one for writ of certiorari, and we grant it. *See Bates v. McNeil*, 318 Ark. 764, 888 S.W.2d 642 (1994). It is within the province of this court to dismiss appeals and not the trial court. We recently underscored this point in a case where the trial court had struck a notice of appeal, presumably because it was untimely. *See Barnes v. State*, 322 Ark. 814, 912 S.W.2d 405 (1995) (per curiam). We said in *Barnes*:

> While we agree that the notice was untimely and, as a result, deny the petition for writ of mandamus, we take this opportunity to note that pursuant to Rule 3(b) of the Rules of Appellate Procedure a trial court cannot dismiss a notice of appeal, whether timely or untimely, without a proper stipulation of the parties or a motion to dismiss filed by the appellant. It is not within the authority of a trial court to pass on the validity of a notice of appeal and dismiss it *sua sponte*. At the least, a partial record suitable for tender to the appellate court should be prepared whereby the appellant may tender the record and allow the appellate court to determine whether the appeal should be lodged.

The authority for striking a notice of appeal is now stated in Ark. R. App. P.—Crim. 2(f). Under Criminal Appellate Rule 2(f), the trial court cannot dismiss an appeal without stipulation by the parties or a motion by the appellant. In all other cases, it must be the appellate court that decides whether a notice of appeal is proper. The trial judge exceeded his authority in striking the notice of appeal, and his order is vacated. Upon proper motion to this court, we will consider the issue.