Christine JONES *v.* Jerry A. JONES

97-212                                                    947 S.W.2d 6

Supreme Court of Arkansas
Opinion delivered June 30, 1997

*McNutt Law Firm*, by: *Mona J. McNutt*, for petitioner.

*Lueken Law Firm*, by: *Patty Lueken* and *Helen Rice Grinder*, for respondent.

PER CURIAM. We have considered this custody case on four prior occasions before invoking Rule 11 of Appellate Procedure— Civil. *See Jones v. Jones*, 328 Ark. 684, 944 S.W.2d 121 (1997) (*Jones V*). In *Jones v. Jones*, 328 Ark. 97, 940 S.W.2d 881 (1997) (*Jones IV*), this court went into detail to clarify that it had substantively decided the parties' custody issue in *Jones v. Jones*, 326 Ark. 481, 931 S.W.2d 767 (1996) (*Jones I*). Nonetheless, the actions taken by Dr. Jones and counsel reflect a refusal on their part to accept our earlier admonitions and decision that, if they continued to seek custody of the parties' son, they should do so only by showing material changes in circumstances, since the last custody order entered on December 13, 1996. *See Jones IV*, 328 Ark. at 101. Instead, as late as April 23, 1997 and June 6, 1997, they have expressed an unwillingness to accept this court's express decision in *Jones IV* that it had substantively ruled that custody of the parties' son should be reinstated to Ms. Jones. In fact, in reviewing their response filed in this Rule 11 matter on June 6, 1997, Jones and his counsel continue their argument that the chancellor should have all evidence, both prior to and after December 13, 1996, when considering Dr. Jones's most recent petition for custody now pending in the Faulkner County Chancery Court.

Dr. Jones's and counsel's Rule 11 response sets out three reasons for dismissing the court's order to show cause:

(1) They believe they have sufficient facts for the trial court to find a change in circumstances since the initial trial in February

of 1994, and will be amending Dr. Jones's petition as soon as this (Rule 11) proceeding is completed.

(2) Since December of 1996 and the award of custody being given to Ms. Jones, the child's physical and emotional status has deteriorated.

(3) They had relied on the concurring opinion in *Jones IV* in believing their continuing custody argument was not frivolous or without a legal basis.

The first point set out by Dr. Jones and counsel reflects, once more, that they intend, in future custody hearings, to introduce changes in circumstances that had occurred prior to December 13, 1996 — the date custody of the parties' son was reinstated with Ms. Jones. Dr. Jones's and his counsel's second point also fails to support their Rule 11 dismissal request since, while a change in the child's physical and emotional status may be relevant in a future custody proceeding, that factor in no way explains their prior actions of ignoring this court's earlier decisions and directives. In fact, such information is not a part of this record and should not have been set out in the response filed in this matter.

Finally, Jones and his counsel attempt to establish a good-faith argument based upon the concurring opinion filed in *Jones IV*. Such an attempt is a not-so-artful, if not contemptuous, effort to evade the majority court's decision. In this respect, we first point out that Jones and his counsel continue to rely on a reference in the *Jones IV* concurring opinion that this court in *Jones I* never reached the parties' child's emotional-needs issue when reinstating custody to Ms. Jones. In doing so, they ignore the language in *Jones IV* where this court specifically referred to and disagreed with the concurring opinion by stating, "the court thoroughly dealt with this child's emotional-needs issue in its original opinion (*Jones I*) under the caption 'Cameron's emotional needs.'" In *Jones IV*, we further reiterated the following pertinent parts of our *Jones I* opinion showing this court decided the parties' custody issue:

Simply put, this court held the chancellor was clearly wrong in ruling Dr. Jones had proven that a material change of circumstances existed, and a transfer in custody was warranted.

* * *

In deciding the (custody) modification question (which Dr. Jones filed after *Jones IV* and is presently pending), we emphasize that the chancellor should only consider facts arising since the last custody order (in *Jones I*), or evidence that has not been previously presented to the chancellor.

Although this court has plainly stated Dr. Jones is prohibited from using the same evidence presented in the *Jones I* trial in his future (now pending) custody modification proceedings against Ms. Jones, Dr. Jones and his counsel continue their efforts to do so, offering an argument void of legal citation, that three new justices, who joined the court after *Jones I* was decided, could not possibly know the basis for this court's decision in *Jones I*. Dr. Jones's and his counsel's willful reluctance to follow the court's earlier directives is best understood by a verbatim reading of their written argument to this court. That argument, as set out in Dr. Jones's petition for rehearing in *Jones IV*, reads as follows:

A. The ruling in the March 7, 1997 *per curiam* order indicating that the emotional needs issue was decided on it merits, and not on procedural grounds, could not be accurately determined with the current court.

The Court erred in proclaiming that the November 22, 1996, mandate *(Jones I)* was decided on its merits, rather than on procedural grounds for three reasons. First, Justice Brown, who was a sitting Justice at the time that the Arkansas Supreme Court reinstated custody of the minor child to Ms. Jones (in *Jones I*) on November 22, 1996, indicated in his concurring opinion that the case was reversed and remanded on procedural grounds, not on its merits. At the time of the original hearing, Chief Justice Jesson, Associate Justice Roaf, and Associate Justice Dudley were sitting on the Court. When the Writ of Prohibition was decided, Chief Justice Jesson, who actually wrote the opinion,

and Associate Justices Roaf and Dudley were no longer on the Court. At this time, it would be difficult to determine whether the November 22, 1996 Court (*Jones I*) reversed the trial court and the Arkansas Court of Appeals on procedural or substantive grounds as only four Justices that comprised the November 22, 1996 (*Jones I*) Court remain on the Supreme Court. Of those four, only three Justices were of the opinion that the case was reversed on substantive grounds. Three Justices do not comprise a majority the (*Jones I*) Court of November 22, 1996. Without the participation of Chief Justice Jesson and Associate Justices Roaf and Dudley, it would be impossible to know the basis for his or her ruling (in *Jones I*) on November 22, 1996.

■   In conclusion, we note, in fairness, Dr. Jones's and his counsel's response, which includes their apologies to the court, if the court believes respondents' advocacy has "overstepped the line." However, the issue here is whether respondents' petitions and argument are frivolous and without reasonable or factual basis as described in Rule 11(a) and (b). Because respondents' arguments made in *Jones IV,* and particularly in their response in *Jones V,* fail in this respect, we are compelled to impose sanctions.

■   Because we find Christine Jones has been unnecessarily compelled to seek relief in response to Dr. Jones's and his counsel's most recent petition and response filed in *Jones IV* and *Jones V,* we order them to pay Ms. Jones the costs of the last proceeding conducted before this court in the amount of $462.00, and award attorney's fees to Ms. Jones in the amount of $1,500.00 to be paid each by Dr. Jones and counsel in the respective amounts of $500.00.

■   After we considered and decided this appellate Rule 11 matter, Christine Jones filed with this court a motion for sanctions, alleging that, on June 20, 1997, Dr. Jones and his counsel filed an amended petition for change of custody in the Faulkner County Chancery Court. Among other things, she asserts Dr. Jones's pleadings continue to include allegations pertaining to the same "emotional needs" issue previously decided in *Jones I.* Ms.

Jones submits that Dr. Jones's present actions belie his apologies to this court and his representation that he intended no appearances of disrespect or disregard of this court's authority or decisions. Ms. Jones's allegations are ones that must be filed with and addressed by the trial court, which can impose sanctions, if any, under ARCP Rule 11. Under Rule 11 of Appellate Procedure— Civil, this court may consider sanctions regarding papers filed in this court, as we have just done in this cause. Thus, we dismiss Ms. Jones's motion for sanctions.

BROWN, J., concurs.

ROBERT L. BROWN, Justice, concurring. This *per curiam* represents a landmark opinion, and attorneys engaged in appellate practice would do well to take note. For the first time, we are sanctioning attorneys and their client for violation of the new Rule 11 of the Rules of Civil Appellate Procedure which became effective March 1, 1997. Our decision will affect all future petitions for rehearing, where the decision rendered by a majority is this clear and unmistakable.

Appellate Rule 11 provides in pertinent part:

> The filing of a brief, motion or other paper in the Supreme Court or the Court of Appeals constitutes a certification of the party or attorney that, to the best of his knowledge, information and belief formed after reasonable inquiry, the document is well grounded in fact; is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and is not filed for an improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. A party or an attorney who files a paper in violation of this rule, or party on whose behalf the paper is filed, is subject to a sanction in accordance with this rule.

Ark. R. App. P.—Civ. 11(a). The authority is clear — this court or the court of appeals may, upon its own motion or upon the motion of a party or attorney, impose sanctions based on appeals

or proceedings initiated with no reasonable legal or factual basis. *See* Ark. R. App. P.—Civ. 11(b).

The purpose of a petition for rehearing is to call this court's attention to specific errors of law or fact that the opinion is believed to contain. *See* Ark. S. Ct. R. 2-3(g). It is not for reargument, which this court has said time and again, and which our rule clearly states. *Id.* As the *per curiam* in the instant case points out, the pleading filed by Dr. Jones entitled "PETITION FOR REHEARING AND CLARIFICATION OF ORDER OF APRIL 7, 1997" reiterated almost entirely an argument put forth in my concurring opinion in *Jones v. Jones,* 328 Ark. 97, 940 S.W.2d 881 (1997)(*Jones IV*)(Brown, J., concurring). While I believe my concurrence to be correct, the approach advocated by me in the concurring opinion was given due consideration by the full court, and six justices joined the language of *Jones IV*, which held unequivocally that the issue concerning Cameron's emotional needs was decided in *Jones v. Jones,* 326 Ark. 481, 931 S.W.2d 767 (1996)(*Jones I*). The petition at issue did nothing more than repeat an argument that had been unmistakably rejected by a clear majority of this court.

With the advent of Rule 11 and this *per curiam,* attorneys must be wary of the trap of using a petition for rehearing to try to sway the court yet once more to the legitimacy of their position, even though a minority of the court's members may agree with them. Such petitions that merely reiterate arguments that have been rejected by this court will run afoul of Rule 11.