Tim D. WILLIAMS *v.* Kelly Lasley MARTIN and
James R. Gill, III

97-1228 980 S.W.2d 248

Supreme Court of Arkansas
Opinion delivered November 19, 1998

[Supplemental opinion on denial of rehearing delivered
January 28, 1999.*]

---

* GLAZE, IMBER, and SMITH, JJ., dissent.

164

*Rose Law Firm,* by: *David L. Williams,* for appellant.

*Brazil, Adlong, Murphy & Osment, PLC,* by: *Michael L. Murphy,* for appellee Kelly Lasley Martin.

*Mitchell, Blackstock, Barnes, Wagoner & Ivers*, by: *Jack Wagoner III*, for appellee James R. Gill III.

W H. "DUB" ARNOLD, Chief Justice. This is the fifth appeal involving these parties, stemming from a lawsuit originally filed in 1990. This appeal is from an award of $23,336.00 in monetary sanctions under Ark. R. Civ. P. 11 entered by the Faulkner County Circuit Court against appellant, Tim D. Williams, who represented appellee James R. Gill, III, as the defendant in the original action involving the fraudulent sale of a used car. Appellee Kelly Lasley Martin was the plaintiff in the original action in which judgment was entered on October 5, 1993, in her favor, for $3,100.00 plus costs.

Although Mr. Gill had knowledge of the original appeal of the original judgment and had given his authorization for same, Mr. Gill was never informed by Mr. Williams that that appeal was eventually dismissed by the Arkansas Court of Appeals for Mr. Williams's failure to perfect the appeal. Subsequently, various motions were filed by Ms. Martin, as the plaintiff, in an attempt to execute on the judgment. Each time, Mr. Williams, purportedly on Mr. Gill's behalf, would either move to quash those motions or appeal adverse rulings on the motions; however, those appeals were never perfected and each was ultimately dismissed by the Court of Appeals. Other than the original appeal of the original judgment, Mr. Williams filed three subsequent appeals without his client's knowledge or authorization, on various issues, yet never perfected any of those appeals. The Court of Appeals dismissed each appeal for appellant's failure to file a brief. The fourth time the Court of Appeals dismissed an appeal, it forwarded a copy of the proceedings to the Committee on Professional Conduct.

A hearing was held on April 10, 1997, on Ms. Martin's Petition for Sanctions and Attorney's Fees, which had been filed on October 23, 1996. Although being properly served with notice of this hearing, Mr. Williams did not attend. At the hearing, Mr. Gill testified that he had not been informed by Mr. Williams of the status of the proceedings in the case, including that the Court of Appeals had dismissed the appeal of the original judgment as untimely. Mr. Gill further testified that he had never authorized

Mr. Williams to file a response to the original postjudgment motion to compel or to undertake or file any notices of appeal of the subsequent postjudgment proceedings. By amended order dated May 8, 1997, the Faulkner County Circuit Court ordered Mr. Williams to pay sanctions to Ms. Martin, pursuant to Rule 11, in the amount of $4,513.00, plus $10,000.00 in punitive damages, plus interest. Mr. Williams was further ordered to pay Mr. Gill, his former client, $8,823.00, plus a separate award of $10,000.00. Mr. Williams filed a motion to reconsider and vacate the order of May 8, 1997. The Honorable Judge David Reynolds then recused. The Honorable Judge Lawrence Dawson was assigned as special circuit judge to determine the pending motion to reconsider. A hearing was held on June 17, 1997, at which time Mr. Williams testified in support of his motion and also disputed portions of Mr. Gill's prior testimony.

At the conclusion of the hearing, Judge Dawson agreed with Judge Reynold's prior findings of fact, except he reduced the amount of punitive damages from $20,000.00 to $10,000.00, with $5,000.00 being payable each to Ms. Martin and Mr. Gill. Specifically, Judge Dawson found that the trial court had the authority, pursuant to Ark. R. Civ. P. 11, to impose punitive sanctions against Mr. Williams because he had filed two appeals to the Arkansas Court of Appeals, regarding the trial court's postjudgment orders, and subsequently admitted that he never intended to follow through with those appeals. Further, he found that two notices were filed improperly, solely for the purpose of delay, and that the appeals were pursued without the authority or knowledge of Mr. Williams's client. Additionally, he found that Mr. Williams violated Ark. R. Civ. P. 11 by certifying on pleadings that opposing counsel had been served when, in fact, no such service was made. Finally, Judge Dawson found that Mr. Williams engaged in a continuing course of misrepresentation to the court, the parties, and opposing counsel, subsequent to his failure to perfect an appeal of the original October 5, 1993, judgment, and that these misrepresentations were intended to conceal from his client the fact that the Arkansas Court of Appeals dismissed that appeal because Mr. Williams's failed to timely file the notice of appeal. Judge Dawson also made specific findings from the bench at the

close of testimony and incorporated those by reference in his order of June 18, 1997. It is from that order that Mr. Williams now appeals.

Appellant asserts four points on appeal: (1) that the circuit court erred and abused its discretion in imposing Rule 11 sanctions for conduct that did not involve the signing of a pleading or document that must be filed; (2) that the circuit court abused its discretion in awarding Rule 11 sanctions to Mr. Gill, who was appellant's former client; (3) that the circuit court abused its discretion in both the amount of sanctions and the imposition of "additional punitive damages"; and (4) that the circuit judge (Judge Reynolds) abused his discretion by declining to set aside the sanctions order in his order of recusal.

It is important to note that the appellees contend that the appellant's abstract is flagrantly deficient and therefore the trial court's judgment should be affirmed pursuant to Rule 4-2(b)(2) of the Arkansas Rules of the Supreme Court. While this Court agrees that appellant's abstract was somewhat lacking, we find that it was not so deficient as to warrant blanket affirmation pursuant to Rule 4-2(b)(2). Therefore, based upon the merits of the case and for the reasons set forth below, we affirm the trial court's decision in part and reverse in part.

*I. Whether the circuit court erred and abused its discretion in imposing Rule 11 sanctions for conduct that did not involve the signing of a pleading or document that must be filed.*

■ ■ The imposition of sanctions is a serious matter to be handled with circumspection, and the trial court's decision is due substantial deference. *Jenkins v. Goldsby*, 307 Ark. 558, 822 S.W.2d 842 (1992). The Supreme Court reviews a trial court's determination of whether a violation of this rule occurred under an abuse-of-discretion standard. *Ward v. Dapper Dan Cleaners & Laundry, Inc.*, 309 Ark. 192, 828 S.W.2d 833 (1992). In deciding an appropriate sanction, trial courts have broad discretion not only in determining whether sanctionable conduct has occurred, but also what an appropriate sanction should be. *Crockett & Brown v. Wilson*, 321 Ark. 150, 901 S.W.2d 826 (1995).

■ Arkansas Rule of Civil Procedure 11 applies to "every pleading, motion, and *other paper* of a party represented by an attorney." (Emphasis added.) Appellant asserts that the sanctioned conduct involved oral statements before the trial court, rather than pleadings, motions, or papers that must be filed pursuant to Rule 5 and motions filed before the Court of Appeals beyond the trial court's jurisdiction. Appellant does admit, however, that he filed, *in the trial court*, several notices of appeal which were never perfected with the Court of Appeals and many postjudgment motions and pleadings while plaintiff was attempting to execute on the judgment for which appellant had no authorization from his client, Mr. Gill, to file. Appellant's signature was on the notices of appeal and postjudgment motions and pleadings and would certainly be considered "papers" at the very least under Rule 11. Further, it is undisputed that appellant never served the notices of appeal on the original plaintiff, Ms. Martin, or her attorney and has failed to even abstract some of them for this Court's benefit.

■ Appellant fails to offer any authority whatsoever that a notice of appeal is not such a pleading or "paper." Appellant's failure to cite authority or make a convincing argument is sufficient reason for affirmance of the trial court's ruling on this point. *Williams v. State*, 329 Ark. 8, 946 S.W.2d 678 (1997). It is certainly not apparent without further research that appellant's argument is well-taken. *Roberts v. State*, 324 Ark. 68, 919 S.W.2d 192 (1996).

■ ■ We have held in *Crockett & Brown, P.A. v. Wilson*, 321 Ark. 150, 901 S.W.2d 826 (1995), that under Ark. R. Civ. P. 11, an attorney signing a pleading, motion, or other paper on behalf of a party constitutes a certificate that (1) the attorney made a reasonable inquiry into the facts supporting the document or pleading, (2) he or she made a reasonable inquiry into the law supporting that document to ensure that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (3) *the attorney did not interpose the document for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.* (Emphasis added.) When a violation of Rule 11 occurs, the Rule makes sanctions mandatory. *Id.* at 154.

Clearly, the trial court determined, in its discretion, that appellant was engaging in a course of conduct that was prejudicial to the administration of justice by knowingly filing notices of appeal and other meritless postjudgment motions and pleadings with the trial court for the purposes of delay, when he knew that he had neither obtained the authorization of his client to do so, nor had he served said notices of appeal upon the plaintiff. In short, appellant used the trial court as a vehicle, compounding one misrepresentation after another, all at the expense of the parties involved, including his own client.

■ Therefore, the trial court will be affirmed on this point.

II. *Whether the circuit court abused its discretion in awarding Rule 11 sanctions to Mr. Gill, who was Mr. Williams's former client.*

Again, in deciding an appropriate sanction, trial courts have broad discretion not only in determining whether sanctionable conduct has occurred, but also what an appropriate sanction should be, and that court's determination will not be overturned by this Court absent an abuse of that discretion. In the present case, the trial court determined that both the opposing party and appellant's former client, Mr. Gill, should receive the monetary awards of Rule 11 sanctions imposed against the appellant. Rule 11, however, states that if a paper is filed in violation of that rule, the court "shall impose . . . an appropriate sanction, which may include an order to pay *to the other party or parties* the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fees." (Emphasis added.)

■ Neither the language of Rule 11 nor any reported decision of this Court supports an award of Rule 11 sanctions in favor of a party against his own attorney. The specific reference to "the other party or parties" demonstrates that sanctions are payable to adversaries, not to one's own client by the sanctioned attorney. The purpose of Rule 11 is to deter abuses of the litigation process that have the potential for harming the interests of the opponent, not to discipline attorneys for alleged breaches of duties owed to their own clients. Certainly, their clients would maintain the

right to file a malpractice lawsuit against their attorney for the breach of any duty owed by that attorney to his client.

Further, neither Mr. Gill nor his new attorney filed any motion for Rule 11 sanctions or provided any other notice to appellant that Mr. Gill would seek Rule 11 sanctions against appellant. Mr. Gill simply orally joined in Ms. Martin's petition for sanctions, previously filed on October 23, 1996, at the hearing of the matter on April 10, 1997. Pursuant to the 1997 amendments to Rule 11, which became effective on March 1, 1997, a motion for sanctions "must be served but shall not be filed until the party is given 21 days after service of the motion to withdraw the challenged filing." The purpose of the amendment is to provide a "safe harbor" against Rule 11 motions so that a party is not subject to sanctions unless, after receiving the motion, the party refuses to withdraw the position. Ark. R. Civ. P. 11, Reporter's Notes to 1997 Amendment. The "safe harbor" provision would, therefore, apply to Mr. Gill's April 10, 1997, oral petition for sanctions and would have left appellant with no notice of Mr. Gill's intention to seek such sanctions.

Therefore, because Mr. Gill was appellant's former client and not an "other party," as described in Rule 11, and because of the "safe harbor" amendment to Rule 11, the award of sanctions against appellant in favor of his former client, Mr. Gill, was an abuse of discretion by the trial court and will hereby be reversed. We hold, however, that Ms. Martin is an "other party," as described in Rule 11; furthermore, we hold that the "safe harbor" amendment was not in effect at the time of her filing of a petition for sanctions and attorney's fees and therefore would not apply to her petition.

III. *Whether the circuit court abused its discretion in both the amount of sanctions and the imposition of "additional punitive damages."*

As stated above, in deciding an appropriate sanction, trial courts have broad discretion not only in determining whether sanctionable conduct has occurred, but also what an appropriate sanction should be and that court's determination will not be overturned by this Court absent an abuse of that discretion. Upon

finding a violation of Rule 11, the trial court must impose an appropriate sanction. Apparently, in this case, the trial judge felt that a monetary award to both the opposing party and appellant's former client was the "appropriate sanction."

██ The *Crockett & Brown* case, *supra*, requires that when a monetary award is issued, the trial court should explain the basis of the sanction so a reviewing court may have a basis to determine whether the chosen sanction is appropriate. The trial court should consider (1) the reasonableness of the opposing party's attorney's fees, (2) the minimum to deter, (3) the ability to pay, and (4) factors relating to the severity of the Rule 11 violation.

In the instant case, Judge Dawson, who was appointed after Judge Reynolds had recused, specifically addressed each of the above-enumerated considerations in his findings and, after addressing them, determined that Judge Reynolds's sanctions were, indeed, appropriate with the exception of the amount of punitive, or as Judge Dawson called them, "exemplary" damages that were awarded; Judge Dawson felt that $20,000.00 total in "exemplary" damages was excessive and reduced that amount to $10,000.00 ($5,000.00 payable to each Ms. Martin and Mr. Gill).

Judge Dawson specifically addressed in his findings the appropriateness of the imposition of punitive or "exemplary" damages under Rule 11. Judge Dawson found that while Rule 11 does not specifically address the use of punitive damages, the primary purpose of Rule 11 is to deter future litigation abuse. Judge Dawson found that when taking all of the conduct into account in the instant case, "exemplary" damages were appropriate.

██ Again, pursuant to the abuse-of-discretion standard, the trial court will be affirmed in regard to the appropriateness of the award and amount of monetary sanctions to Ms. Martin, but reversed as to the award of any monetary sanctions in favor of Mr. Gill, as he was appellant's former client.

*IV.* *Whether the circuit judge (Judge Reynolds) abused his discretion by declining to set aside the sanctions order in his recusal.*

After appellant filed his motion to reconsider the entry of Rule 11 sanctions on May 19, 1997, Circuit Judge David Reynolds recused and requested that a special judge be assigned to hear

the case. No party had requested that Judge Reynolds recuse; he did so *sua sponte.*

By motion, appellant requested that due to the recusal, the circuit judge should also vacate the order and judgment of May 8, 1997, in order to permit the new trial judge assigned to determine the underlying amended petition for sanctions and attorney's fees without being restricted to reconsidering the court's previous order. The court declined to grant that motion.

Appellant contends that the failure of the circuit court to vacate its opinion placed the appellant and the successor judge in a "difficult, untenable position" and was a denial of due process. Appellant's point on appeal, however, is somewhat misleading, in that it ignores the fact that the special circuit judge (Judge Dawson) entered his own order after hearing the testimony of appellant in a separate hearing.

Judge Dawson noted in his findings:

> The court has spent many hours last week preparing for this hearing because a lot is involved, and even though the case started out being a $3,000.00 plus judgment for the plaintiff, it has snowballed into two thick volumes of pleadings, motions, orders, notices of appeal, and what-have-you.

Certainly, appellant does not dispute that Judge Dawson was well prepared and had carefully reviewed the record prior to hearing his testimony. There is simply nothing to support appellant's contention that the successor judge was in a "difficult, untenable position," as appellant described him in his brief.

In support of his argument, appellant cites the cases of *Johnson Timber Corp. v. Sturdivant,* 295 Ark. 663-B, 758 S.W.2d 415 (1988) and *Parham v. Church Mutual Insurance Company,* 53 Ark. App. 194, 922 S.W.2d 724 (1996), involving the setting aside of prior orders where all the justices were on the same panel as the judge who recused. Clearly, these cases do not involve similar fact situations as the case at bar and will not be relied upon as either controlling or persuasive authority in this case. Here, the special trial judge independently reviewed the record, held a separate hearing, and issued a separate order with specific additional findings.

 Even assuming there was some error in the procedure by which this matter came on for hearing before the special circuit judge, a separate hearing was held, and, therefore, appellant was not prejudiced. Any alleged error was, therefore, harmless. We hereby affirm the trial court on this point, as well.

Based on the foregoing, we affirm the trial court's decision in part and reverse in part.

GLAZE and IMBER, JJ., concur.

ANNABELLE CLINTON IMBER, Justice, concurring. I concur with the majority but write to further expand on the majority's analysis of Mr. Williams's first argument that the trial court abused its discretion in imposing sanctions for conduct that did not involve signing of a pleading or document that must be filed.

At the time Ms. Martin filed her Petition for Sanctions and Attorney's Fees on October 23, 1996, three of the appeals filed by Mr. Williams had been dismissed by the Court of Appeals. However, a fourth appeal filed by Mr. Williams was still pending. It is clear that the trial court retained jurisdiction to rule on Ms. Martin's Petition for Sanctions and Attorney's Fees while an appeal was pending, because motions requesting sanctions under Rule 11 of the Arkansas Rules of Civil Procedure are collateral to the merits of the underlying action. *Crockett & Brown, P.A. v. Wilson*, 321 Ark. 150, 901 S.W.2d 826 (1995); *Spring Creek Living Ctr. v. Sarrett*, 318 Ark. 173, 883 S.W.2d 820 (1994).

With regard to Mr. Williams's claim that the trial court had no jurisdiction to award Rule 11 sanctions based upon documents signed by an attorney that are filed in the Court of Appeals or the Supreme Court, we have held that the Rules of Civil Procedure govern only the conduct of the parties and attorneys in trial courts. *Wright v. Eddinger*, 320 Ark. 151, 894 S.W.2d 937 (1995); *Crockett & Brown, P.A. v. Wilson*, 314 Ark. 578, 864 S.W.2d 244 (1993). Thus, the Supreme Court and the Court of Appeals will not consider motions for Rule 11 sanctions regarding papers filed in trial courts. *Wright, supra.* Such motions must be filed with and addressed by the trial court, which can impose sanctions under Rule 11. *Jones v. Jones*, 329 Ark. 320, 947 S.W.2d 6 (1997).

With regard to papers filed in the Supreme Court or the Court of Appeals, motions for sanctions are to be considered by the appropriate appellate court under Rule 11 of the Rules of Civil Appellate Procedure, which went into effect on March 1, 1997. Although an appeal is taken by filing a notice of appeal with the clerk of the court that entered the judgment, decree or order from which the appeal is taken, a trial court does not have authority to pass on the validity of a notice of appeal. *See* Ark. R. App. P.—Civ. 3(b). Rather, such authority is vested in the Supreme Court. *Id.*; *see also Stahl v. State*, 328 Ark. 106, 940 S.W.2d 880 (1997); *Barnes v. State*, 322 Ark. 814, 912 S.W.2d 405 (1995). Specifically, Ark. R. App. P.—Civ. 3(b) provides that:

> Failure of the appellant or cross-appellant to take any further steps to secure review of the judgment or decree appealed from shall not affect the validity of the appeal or cross-appeal, but shall be ground only for such action as the Supreme Court deems appropriate, which may include dismissal of the appeal or cross-appeal.

In this case, Ms. Martin filed her Petition for Sanctions against Mr. Gill and Mr. Williams not only after several notices of appeal were filed by Mr. Williams, but also after he filed several postjudgment motions and pleadings in the circuit court. In fact, her Petition for Sanctions listed five postjudgment motions and pleadings filed by Mr. Williams and characterized those papers as follows:

> [A]ll of the above pleadings are virtually identical and restate what has already been previously filed. These pleadings are unnecessary pleadings and have been filed to further delay these proceedings. Further, Plaintiff has repeatedly incurred unnecessary expense in responding to these pleadings . . . .

The facts pertaining to Mr. Williams's actions as set forth in Ms. Martin's Petition for Sanctions were accepted as true by Judge Reynolds in the May 8, 1997 order. Judge Dawson also agreed with those findings in the June 18, 1997 order that is the subject of this appeal.

In view of the trial court's findings that postjudgment pleadings and motions were filed by Mr. Williams for an improper purpose, such as to cause unnecessary delay and expense, it cannot be said that the trial court exceeded its jurisdiction to impose Rule 11 sanctions for pleadings, motions and other papers filed in the Faulkner Circuit Court by Mr. Williams. Furthermore, based

upon these findings that Mr. Williams filed postjudgment pleadings and motions for an improper purpose, I must concur with the majority that the trial court did not abuse its discretion when it imposed Rule 11 sanctions.

GLAZE, J., joins in this concurrence.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

984 S.W.2d 449

January 28, 1999

*Rose Law Firm,* by: *David L. Williams,* for appellant.

*Brazil, Adlong, Murphy & Osment, PLC,* by: *Michael L. Murphy,* for appellee Kelly Lasley Martin.

*Mitchell, Blackstock, Barnes, Wagoner & Ivers,* by: *Jack Wagoner III,* for appellee James R. Gill III.

W H. "DUB" ARNOLD, Chief Justice. It is the contention of the appellant in his petition for rehearing that the majority opinion did not address the issue of whether Rule 11 of the Arkansas Rules of Civil Procedure authorizes a monetary sanction that exceeds the cost and attorney's fee. This issue was not raised by appellant in his initial appeal; however, the Court did uphold the trial court's assessment of $5,000.00 in sanctions. While Judge Dawson erroneously used the term "exemplary damages" in his findings, it was apparent from the record that he was applying sanctions under Rule 11. Unlike Federal Rule 11, our Rule 11 places no limit on the amount of sanctions that may be imposed.

Therefore, appellant's petition for rehearing is denied.

GLAZE, IMBER, and SMITH, JJ., dissent.

T OM GLAZE, Justice, dissenting. The supplemental opinion states that, unlike federal Rule 11, Arkansas's Rule 11 places no limit on the amount of sanctions that may be imposed. However, in *Crockett & Brown, P.A. v. Wilson*, 321 Ark. 150, 901 S.W.2d 826 (1995), this court decided the following:

> Upon finding a violation of Rule 11, the trial court must impose an appropriate sanction, which may include an order for the violating party to pay the opposing party or parties the amount of the reasonable expenses they had incurred, including an attorney's fee. *While this court has not established a standard of review in deciding whether a trial court has imposed an appropriate sanction, the Supreme Court has settled the issue for federal courts, holding that district courts have broad discretion not only in determining whether sanctionable conduct has occurred, but also what an appropriate Rule 11 sanction should be. See Cooter & Gell v. Hart Marx Corp.*, 496 U.S. 384 (1990). *We believe the standard should be applied here.*

The federal courts have held that the primary purpose of Rule 11 sanctions is to deter future litigation abuse. *See Id.; In Re Kunstler*, 914 F.2d 505 (4th Cir. 1990). It has also been held that the least severe sanction adequate to serve the purposes of Rule 11 should be imposed, and the award of fees is but one of the methods of achieving the various goals of Rule 11. *Id.; White v. General Motors Corp., Inc.*, 908 F.2d 675 (10th Cir. 1990). In addition, the court in *In Re Kunstler* further held that, *when a monetary award is issued, the trial court should explain the basis of the sanction so a reviewing court may have a basis to determine whether the chosen sanction is appropriate.* The trial court should consider (1) the reasonableness of the opposing party's attorney's fees, (2) the minimum to deter, (3) the ability to pay and (4) factors relating to the severity of the Rule 11 violation. The *Kunstler* court further related the following:

> Because the sanction is generally to pay the opposing party's "reasonable expenses . . . including a reasonable attorney's fee," Fed. R. Civ. P. 11, incurred because of the improper behavior, determination of this amount is the usual first step. *The plain language of the rule requires that the court independently analyze the reasonableness of the requested fees and expenses.* The injured party has a duty to mitigate costs by not overstaffing, overresearching or overdiscovering clearly meritless claims. In evaluating the reasonableness of the fee request, the district court should consider that

the very frivolousness of the claim is what justifies the sanctions. (Emphasis added.)

After setting forth the above, the *Wilson* court reversed the Pulaski County Chancery Court because the chancery court had failed to follow the federal Rule 11 standards this court adopted; nor did it specify in its order how the chancery court determined why the $15,000.00 sanction imposed against attorneys, Crockett & Brown, P.A., was appropriate to the circumstances. Accordingly, the *Wilson* court remanded the case to permit the parties and the chancery court to proceed solely on the issue of the appropriateness or amount of the sanction to be imposed, by employing the federal Rule 11 standards adopted in the *Wilson* decision.

In my view, this case is indistinguishable from this court's *Wilson* holding, and we should return it to the trial court to apply the federal sanction standards we adopted there. If we have decided not to follow the federal Rule 11 guidelines or standards, we should say so.

IMBER and SMITH, JJ., join this dissent.