Sonny EADS and Viki Lynn Eads *v.* Bill (Rick) HALL;
Jeanita Ives; Laura Bohannon; and Joyce L. Lindsey
d/b/a Century 21 Southgate Realty

99-1247                                                        10 S.W.3d 441

Supreme Court of Arkansas
Opinion delivered February 10, 2000

*J. Hudson Shepard*, for appellants.

*Davis, Cox & Wright, PLC,* by: *Mark W. Dossett,* for appellees.

PER CURIAM. The appellees, who are Bill (Rick) Hall, Jeanita Ives, Laura Bohannon, and Joyce L. Lindsey d/b/a Century 21 Southgate Realty, move this court for costs and attorney's fees pursuant to Ark. R. App. P.—Civil 11. The history of this matter reveals that the appellees' motion to dismiss the appellants' appeal was granted on November 11, 1999, and the mandate was issued to the parties. On December 30, 1999, appellants moved this court for a rule on clerk to have their appeal accepted. This court denied that motion on January 20, 2000. On January 6, 2000, which was prior to this court's denial of that motion, the appellees moved for attorney's fees and costs under Appellate Rule 11 on the basis that the appellants' motion for rule on clerk was frivolous. The appellants tendered their response on January 27, 2000, but offer no defense to the allegation that the motion for rule on clerk regarded a matter already decided by this court. Because the response was filed within twenty-one days of the motion, it was timely filed under Ark. R. App. P.—Civil 11(d), and we accept it as filed.

Rule 11(d) of our Rules of Appellate Procedure—Civil does provide for sanctions, including attorney's fees, when a pleading, motion or other paper is signed by an attorney and is not well

grounded in fact or warranted by existing law or made in good faith. Under the rule, this court shall impose sanctions under the following circumstances:

> (b) The Supreme Court or the Court of Appeals shall impose a sanction upon a party or attorney or both for (1) taking or continuing a frivolous appeal or initiating a frivolous proceeding, (2) filing a brief, motion, or other paper in violation of subdivision (a) of this rule, (3) prosecuting an appeal for purposes of delay in violation of Rule 6-2 of the Rules of the Supreme Court and Court of Appeals, and (4) any act of commission or omission that has an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. For purposes of this rule, a frivolous appeal or proceeding is one that has no reasonable legal or factual basis.

Ark. R. App. P.—Civil 11(b).

Unlike Ark. R. Civ. P. 11, which provides for sanctions under comparable circumstances before the trial court, Appellate Rule 11 does not require a twenty-one day safe-harbor period during which the offending writing may be withdrawn by opposing counsel.

We grant the motion for costs and attorney's fees. When the motion to dismiss the appellants' appeal was before this court, the timeliness of their notice of appeal and the filing of the record were precisely the issue. The appellants have offered no explanation for why they filed a motion for rule on clerk for us to accept the record for appeal purposes after their appeal had been dismissed and the mandate handed down.

Accordingly, we conclude that the appellants' motion is frivolous in that it is not well grounded in fact or warranted by existing law and, as a result, attorneys' fees and costs should be awarded. *See Jones v. Jones*, 329 Ark. 320, 947 S.W.2d 6 (1997) (per curiam). Also, by filing the motion there has been a needless increase in the cost of litigation to the appellees. *Id.*

The appellees are directed to furnish this court with information relating to actual costs and expenses, including reasonable attorneys' fees. Upon receiving the same, this court will award appropriate costs and attorney's fees.