DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE STREMS LAW FIRM, P.A.,** and **GREGORY SALDAMANDO,**
Appellants,

v.

**AVATAR PROPERTY & CASUALTY INSURANCE CO., OBRIAN
FRAZER,** and **LATOYA BYFIELD,**
Appellees.

No. 4D18-1365

[June 3, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE16-15798(14).

Melissa A. Giasi of Giasi Law, P.A., Tampa, for appellants.

Carol M. Rooney and Adam M. Topel of Butler Weihmuller Katz Craig LLP, Tampa, for appellee Avatar Property & Casualty Insurance Co.

LEVINE, C.J.

Appellants, a law firm and an attorney for that firm, appeal an order dismissing their clients' case as a sanction for appellants' misconduct and imposing monetary sanctions against appellants. We find the issues regarding the dismissal and the claim that the trial court improperly acted as an advocate to be without merit and affirm those issues without comment. However, we reverse the monetary sanction imposed against appellants because it was imposed without due process.

The Strems Law Firm, P.A., and Gregory Saldamando ("appellants") filed a lawsuit on behalf of their clients against an insurer for breach of contract, seeking $22,877.02 in damages. Almost a year-and-a-half later, appellee Avatar Property & Casualty Insurance Co. ("insurer") moved to dismiss the case with prejudice as a sanction for appellants' bad faith conduct during the proceedings. After hearing argument from counsel, the trial court orally made findings as to all of the *Kozel* factors and stated that it would grant the motion to dismiss. When appellants requested that the trial court consider a lesser sanction, the trial court instead imposed

an additional sanction by requiring appellants to pay their clients $22,877.02, the amount the clients sought as damages in their lawsuit against the insurer. The trial court entered a written order consistent with its oral pronouncement. Following the denial of their motion for rehearing, appellants appealed.

On appeal, appellants argue that the imposition of $22,877.02 in monetary sanctions was improper and violated due process. We agree.

A trial court's sanctions order is reviewed for abuse of discretion. *Ochalek v. Rivera*, 232 So. 3d 1050, 1052 (Fla. 4th DCA 2017). Additionally, the denial of due process is reviewed for fundamental error. *Weiser v. Weiser*, 132 So. 3d 309, 311 (Fla. 4th DCA 2014).

The United States and Florida Constitutions guarantee due process of law. U.S. Const. amend. XIV, § 1; Fla. Const. art. I, § 9. A "sanction is appropriate only after notice and an opportunity to be heard." *Wanda I. Rufin, P.A. v. Borga*, 45 Fla. L. Weekly D424 (Fla. 4th DCA Feb. 26, 2020); *Rickard v. Bornscheuer*, 937 So. 2d 311, 311 (Fla. 4th DCA 2006). A trial court cannot award relief not sought by the pleadings. *Rufin*, 45 Fla. L. Weekly D424. The insurer's amended motion to dismiss the case did not request an award of sanctions in favor of the clients for any amount, nor for the amount the clients sought in the lawsuit. Rather, the insurer sought an award of the expenses it unnecessarily incurred as a result of appellants' actions. The clients also did not seek an award of sanctions, nor did the trial court provide any notice that it intended to rely on its inherent authority to sanction. Because the trial court awarded relief not sought, and without notice, it did not comply with due process.

Additionally, the trial court improperly prejudged the merits of the underlying lawsuit. The trial court imposed the $22,877.02 sanction because it represented the amount sought by the clients in their lawsuit against the insurer. However, there has never been an adjudication on the merits. The sanction imposed by the trial court presupposes that the clients would have prevailed on the merits of their lawsuit and as such would be entitled to the entire $22,877.02 in damages.

Although there is no Florida case on point, a similar situation was considered by the Arkansas Supreme Court. In *Williams v. Martin*, 980 S.W.2d 248 (Ark. 1998), the trial court imposed sanctions against the attorney in favor of the attorney's client. In reversing, the court found that the client had not moved for sanctions or provided notice that he would seek sanctions. The court further stated that the client already had a remedy since the client could "maintain the right to file a malpractice

lawsuit against their attorney for the breach of any duty owed by that attorney to his client." *Id.* at 252. Like in *Williams*, here the clients had not moved for sanctions or provided notice that they would seek sanctions, and they retained the same remedy as in *Williams*.

In sum, the $22,877.02 sanction was improper because it was not sought by the clients and was imposed without notice, thus depriving appellants of due process. Additionally, the amount imposed improperly prejudged the merits of the underlying lawsuit against the insurer and presupposed the clients would have prevailed when in fact there has never been an adjudication on the merits. For these reasons, we reverse and remand with instructions to vacate the $22,877.02 sanction.

*Affirmed in part, reversed in part, and remanded.*

DAMOORGIAN and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3