Robinson *v.* Robinson.

4-9438                                    237 S. W. 2d 20
Opinion delivered March 12, 1951.

*Frances D. Holtzendorff,* for appellant.

*Guy B. Reeves,* for appellee.

George Rose Smith, J.   This is a petition by the appellant for permission to visit her two children, who are in the custody of the appellee, the appellant's former husband.   For reasons to be stated the chancellor denied the petition.

The couple were divorced in Pulaski County in 1945, and at that time the father was awarded custody of the three children.   In October, 1948, the parties entered into an elaborate contract governing the future custody of the children, and this contract was approved by the court.   The contract provided that appellant should have the custody of the eldest child, a son, and that the appellee should have the custody of the two daughters.   The appellant then intended to move to California, and the contract provided that she might take the son with her, though the decree approving the contract retained jurisdiction over the child.   The contract also provides that either party shall be allowed to visit chil-

dren in the custody of the other, at all reasonable times, but the party so desiring to visit shall first file a petition requesting the court to determine the period of visitation.

The appellant did move to California and was living there when her son was accidentally killed by a teen-age motorist. Upon being notified of his son's death the appellee insisted that the body be returned to this State for burial, and he prevailed upon the chancellor to send a telegram to the appellant ordering the return of the child's body. The appellant refused to obey this directive, explaining at the hearing below that her son had asked to be cremated and had stated in the presence of his father that he did not want to be returned to Arkansas if he should die. She obeyed her son's wishes by having his remains cremated.

In 1950 the appellant returned to Arkansas to live and filed the present petition. At first, without hearing any testimony, the chancellor denied the petition and entered an order enjoining the appellant from visiting the two children. As no evidence had been heard this order must have been based upon the appellant's disobedience of the court's telegram.

This was error. The court's retention of jurisdiction over the child did not include the power to direct the disposition of his body. Obviously funeral arrangements had to be made either by the father or by the mother. On the facts in this case we hold that the mother, by virtue of her custody, had the paramount privilege of burial. We agree with the holding in *Rader* v. *Davis,* 154 Iowa 306, 134 N. W. 849, 38 L. R. A. (N. S.) 131, where the parents were divorced and the mother was awarded custody of a child, who later died. The court held that "it was for the mother to say how the body should be controlled, where the funeral services were to be conducted, and where and how the child should be buried."

After the original injunctive order had been entered the appellant was granted an appeal from that order

and was also permitted to introduce testimony as to the correctness of the order. Only the two parties appeared as witnesses. The appellee's testimony is to the effect that the appellant is not a fit person to visit the children, that she will poison their minds against their father, that she was formerly addicted to narcotics, and that she is not mentally stable. The appellant's testimony was mainly a denial of these accusations.

Nearly all the appellee's testimony was incompetent and was objected to by appellant. Practically everything that appellee related concerned incidents that occurred before the agreement and decree of 1948. That agreement was an effort to settle past differences and to chart a course for the future. It confers upon each party the unqualified privilege of visitation, subject only to the court's power to prescribe the length of the visits. The appellee had the burden of showing some changed conditions that would warrant the court in refusing to enforce the rights conferred by the contract and the decree approving it. There is virtually no testimony in the record to indicate any change in the condition of the parties since the contract was made and approved. The appellee clearly failed to sustain his burden of proof.

The decree is reversed, and under our power of superintending control over trial courts, Ark. Const., Art. 7, § 4, we have concluded from an examination of the entire record that in fairness to the chancellor of the Second Division, as well as to the parties, the cause should be transferred to the First Division for further proceedings. The cause is accordingly remanded with directions to that effect. The pendency of these proceedings has prevented the appellant from seeing her children since her return to this State. Until such time as the trial court fixes the appellant's rights of visitation the appellee is directed to bring the children to the office of the Pulaski County Juvenile Court, where the appellant will be permitted to visit the children, under the court's supervision and in the absence of the appellee, for a period of two hours each week.

ROBINSON, J., not participating.