Robert D. WARD and Terri Ward, d/b/a Fire Repair
Service *v.* DAPPER DAN CLEANERS AND LAUNDRY,
INC.

91-351                                            828 S.W.2d 833

Supreme Court of Arkansas
Opinion delivered April 20, 1992

*William R. Butler*, for appellants.

*Ray Owen, Jr.*, and *John P. Lewis*, for appellee.

TOM GLAZE, Justice. This appeal ensues from an action brought by appellee against appellants for cleaning services in the amount of $4,093.12 provided appellants. Upon filing its action, appellee caused a prejudgment attachment order to be issued by the Garland County Circuit Court pursuant to Ark. Code Ann. § 16-110-104 to -111 (1987).

In support of its request for prejudgment attachment, appellee and its counsel submitted affidavits alleging they believed appellants were about to remove their property out of state with the intent to defraud their creditors. Two days after being served with appellee's pleadings, appellants moved to dismiss appellee's complaint, requested the return of their truck (seized under appellee's prejudgment attachment order), and prayed for damages for the loss of use of its vehicle and for sanctions under ARCP Rule 11.[1] Five weeks later, appellants filed an additional argument in support of their motion to dismiss and request for sanctions, stating that, on July 18, 1988, the Arkansas Supreme Court had ruled the prejudgment attachment laws unconstitutional. *McCroy v. Johnson*, 296 Ark. 231, 755 S.W.2d 566 (1988). They argued that, when appellee obtained its prejudgment attachment order on June 7, 1991, appellee knew or should have known the laws under which it was proceeding had been ruled unconstitutional three years earlier.

In ruling on appellant's motion to dismiss, the trial court agreed that appellee's prejudgment attachment of appellants' truck was not supported by existing law or by a good faith argument for the extension, modification or reversal of the existing law. Nonetheless, the court still denied appellants' request for Rule 11 sanctions because appellee did not file its prejudgment attachment action for an improper purpose. The court specifically added that neither appellee's counsel, nor the court, was aware the prejudgment attachment laws were unconstitutional. The trial court's reasoning in denying Rule 11

---

[1] Appellants also filed a counterclaim to which appellee responded, denying specifically and generally the relief requested by appellants.

sanctions was in error.

Rule 11 provides in pertinent part as follows:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. *The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose*, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. *If a pleading, motion, or other paper is signed in violation of this rule, the court,* upon motion or upon its own initiative, *shall impose* upon the person who signed it, a represented party, or both, *an appropriate sanction*, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee. (Emphasis added.)

Our Rule 11 mirrors Fed. R. Civ. P. 11, and on occasion, we have looked to how the federal courts have interpreted their Rule when considering whether to award sanctions. *Bratton* v. *Gunn*, 300 Ark. 140, 777 S.W.2d 219 (1989); *Miles* v. *Southern*, 297 Ark. 274, 760 S.W.2d 868 (1988). By the terms employed in the Federal and Arkansas Rules 11, an attorney signing a pleading, motion, or other paper on behalf of a party constitutes a certificate that (1) the attorney made a reasonable inquiry into the facts supporting the document or pleading, (2) he

or she made a reasonable inquiry into the law supporting that document to ensure that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (3) the attorney did not interpose the document for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *Miles*, 297 Ark. 274, 760 S.W.2d 868; *Smith Intern, Inc.* v. *Texas Commerce Bank*, 844 F.2d 1193 (5th Cir. 1988); Wright & Miller, *Federal Practice and Procedure*: Civil 2d § 1335, p. 58(1990); Note, *Rule 11 in the Federal Courts—Unanswered Questions in Arkansas*, 43 Ark. L. Rev. 847, 852 (1990). When a violation of Rule 11 occurs, the Rule makes sanctions mandatory. *Miles*, 297 Ark. 274, 760 S.W.2d 868; *Crookham* v. *Crookham*, 914 F.2d 1027 (8th Cir. 1990); *O'Connel* v. *Champion Intern. Corp.*, 812 F.2d 393 (8th Cir. 1987). Whether a violation occurred is a matter for the court to determine, and this determination involves matters of judgment and degree, and in reviewing a trial court's Rule 11 determination, we do so under an abuse of discretion standard. *Miles* v. *Southern*, 297 Ark. 280-A, 763 S.W.2d 656 (1988) (supplemental opinion denying rehearing); *Crookham*, 914 F.2d 1027; *O'Connel*, 812 F.2d 393.

In view of the foregoing authority, it is clear the trial court in the present case failed to apply the objective standard as to whether appellee and its counsel made a reasonable inquiry into the law required by Rule 11 before they signed and filed their request for a prejudgment attachment against the appellants' personal property. The trial court's finding that appellee's counsel did not file appellee's request for an improper purpose falls short of absolving him from sanctions. Nor is counsel safeguarded from a Rule 11 award because the trial court was unaware that the laws utilized by appellee's counsel were unconstitutional. The trial court has no duty under Rule 11 to inquire into or research the law for parties filing complaints, petitions or motions. Appellee points out that appellants, themselves, were unaware of the unconstitutionality of the attachment laws until five weeks after they first moved to dismiss, and appellants' delay in discovering this issue should somehow serve to alleviate appellee's responsibility under Rule 11. Appellee's argument is wrong. Appellee and its counsel had an independent duty to meet the three requirements set out above, and their failure to do so triggers the sanctions provisions

of the rule. *See* Wright & Miller, *Federal Practice and Procedure*: Civil 2d § 1335, p. 58 (1990); for federal cases where sanctions for failing to conduct a reasonable inquiry into applicable law, *see Crookham* v. *Crookham*, 914 F.2d 1027 (8th Cir. 1990); *International Shipping* v. *Hydra Offshore, Inc.*, 875 F.2d 388 (2nd Cir. 1989); *Smith Intern, Inc.* v. *Texas Commerce Bank*, 844 F.2d 1193 (5th Cir. 1988); *Gutierrez* v. *City of Hialeah*, 729 F. Supp. 1329 (S.D. Fla. 1990); *Chris & Todd, Inc.* v. *Ark. Dept. of Fin. & Admin.*, 125 F.R.D. 491 (E.D. Ark. 1989).

Here, appellee's counsel need only to have checked the pocket part of volume 16 of the Arkansas Code to discover under the case notes designation in the cumulative supplement that the prejudgment attachment provisions, § 16-110-104 to -111, had been ruled unconstitutional. If counsel had made such a reasonable inquiry into the applicable law prior to signing appellee's petition for prejudgment attachment, he obviously would never have filed it.

Based on the foregoing, we conclude appellee's counsel signed the prejudgment attachment petition in violation of Rule 11, and therefore hold the trial court abused its discretion in ruling otherwise and in denying appellants' motion for sanctions. *See Albright* v. *Upjohn Co.*, 788 F.2d 1217 (6th Cir. 1986); *Eastway Const. Corp.* v. *City of New York*, 762 F.2d 243 (2nd Cir. 1985). Accordingly, we reverse the trial court and remand this case for the imposition of sanctions.