Michael BROUGH *v.* Carol BROUGH

CA 92-848 850 S.W.2d 337

Court of Appeals of Arkansas
Division II
Opinion delivered April 14, 1993

212

*Harold W. Madden,* for appellant.

*Mitchell, Blackstock & Simmons,* by: *David E. Simmons,* for appellee.

JOHN B. ROBBINS, Judge. Appellant Michael Brough appeals from the trial court's imposition of Rule 11 sanctions against him. We find no error and affirm.

Appellant Michael Brough and appellee Carol Brough Stoneman were divorced in 1982. Appellee received custody of the parties' minor daughter. Appellee remarried in 1991 and moved to California. On March 14, 1992, appellee called appel-

lant and informed him that she had been offered a job in Philadelphia, Pennsylvania, and that she was leaving immediately to investigate the new position. She told him that their daughter would remain with appellee's husband for a few weeks and would then go live with her maternal grandmother in Little Rock for the balance of the school year.

On April 7, 1992, appellant filed a motion for change of custody, requesting an ex parte order granting him temporary custody. The court denied an ex parte change of custody but scheduled an emergency hearing for April 22, 1992.

In his motion, appellant alleged, in part, that (1) he had learned that appellee was currently living in Philadelphia and that her employer and her whereabouts were unknown; (2) appellee had effectively abandoned custody of the minor child; (3) appellee's marriage was unstable and that appellant believed there was a possibility of a pending divorce; and (4) an emergency existed, as appellant believed that once appellee had knowledge of the action, she would remove the child to the State of Pennsylvania, secreting her away from appellant and the jurisdiction of the court.

At the April 22, 1992, emergency hearing, the court denied appellant's motion for an emergency temporary change of custody and ordered that sanctions be imposed upon appellant for his request for an emergency temporary change of custody. Appellant argues that the trial court erred in finding a violation of Rule 11 of the Arkansas Rules of Civil Procedure because appellant's argument was supported by Arkansas case law and an emergency did exist. Appellant also argues that, assuming Rule 11 sanctions were justified, the trial court imposed inappropriate and overly harsh sanctions in this case.

Rule 11 of the Arkansas Rules of Civil Procedure provides:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name . . . . The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded

in fact and is warranted by existing law . . . and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation . . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

■ Whether a violation of Rule 11 has occurred is a matter for the trial court to determine. This determination involves matters of judgment and degree, and in reviewing the trial court's determination, we do not reverse unless the court has abused its discretion. *Ward* v. *Dapper Dan Cleaners and Laundry, Inc.*, 309 Ark. 192, 828 S.W.2d 833 (1992).

The record reflects that appellee had informed appellant of her own plans and the arrangements she had made for their daughter. Though appellant did not know appellee's telephone number in Philadelphia, he was in contact with appellee's husband and her mother and never tried to ascertain her number. The chancellor found that there was no evidence of an abandonment of custody; rather, appellee made very deliberate plans regarding where her daughter would finish out the school year. Appellant made allegations of marital problems between appellee and her husband without ever speaking to either of them about the matter. These allegations were refuted by appellee. The chancellor also found that the evidence was insufficient to show any emergency or need for ex parte relief. She noted that appellant had knowledge of what was going on and did not present all this knowledge to the court in the motions for emergency relief.

■ Rule 11 sanctions are appropriate if motions presented to the court are not "well grounded in fact" and are "interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Considering the allegations contained in appellant's motion for emergency relief and the testimony subsequently

adduced at the hearing, we cannot say the chancellor abused her discretion in finding that appellant's motion had no merit and in imposing Rule 11 sanctions.

 Appellant also argues that, assuming sanctions were justified, those imposed by the court were unduly harsh. Rule 11 provides that upon a violation of that rule, the court may impose an appropriate sanction which may include an order to pay the other party her reasonable expenses incurred because of the filing of the motion, and a reasonable attorney's fee. The sanctions which were imposed against appellant included $1,331 for appellee's and her husband's travel expenses to and from the emergency hearing and $989 for attorney's fees. Appellant contends that since appellee's husband was not a party to the action, his expenses should not have been included. However, appellant had made allegations that there were marital problems between appellee and her husband, and it is reasonable to expect the husband's presence at the hearing to refute these allegations. Appellant also argues the attorney's fee was excessive. Upon review of the record, we cannot say the chancellor abused her discretion in determining the nature and amount of the sanctions to be imposed.

Affirmed.

PITTMAN and ROGERS, JJ., agree.