Bernard WHETSTONE v. William M. CHADDUCK, M.D.

93-1094                                         871 S.W.2d 583

Supreme Court of Arkansas
Opinion delivered March 14, 1994

*Bernard Whetstone*, for appellant.

*Hilburn, Calhoon, Harper, Pruniski & Calhoon, Ltd.*, for appellee.

DAVID NEWBERN, Justice. Bernard Whetstone appeals from two orders of the Trial Court. The first order granted Dr. William Chadduck's motion for a voluntary nonsuit which resulted in the dismissal of his claim against Mr. Whetstone without prejudice. Mr. Whetstone's contention that the dismissal should have been with prejudice is without merit due to the plaintiff's absolute right to a voluntary nonsuit without prejudice pursuant to the express terms of Ark. R. Civ. P. 41(a). The Trial Court's second order imposed sanctions on Dr. Chadduck pursuant to Ark. R. Civ. P. 11. Mr. Whetstone appeals on the ground that the monetary sanction against Dr. Chadduck was inadequate. We remand this issue because we conclude the Trial Court should not have considered Dr. Chadduck's *pro se* status in determining the amount of the sanction.

Dr. Chadduck initially became involved in this litigation after he was made a defendant in a malpractice lawsuit brought, in part, by Mr. Whetstone on behalf of a client. This fact was reported in the *Arkansas Times* newspaper. Dr. Chadduck filed a complaint seeking damages for defamation against several individuals, including Mr. Whetstone. At the hearing on Mr. Whetstone's motion to dismiss, Dr. Chadduck moved to nonsuit his complaint pursuant to Rule 41(a). The Trial Court granted the motion and dismissed Dr. Chadduck's complaint without prejudice.

The Trial Court retained for consideration Mr. Whetstone's motion for Rule 11 sanctions. After argument from both sides, Dr. Chadduck was ordered to pay Mr. Whetstone and the other two defendants $1,000.

## 1. Dismissal without prejudice

The relevant portion of Rule 41(a) states that "an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court." The rule clearly allows a plaintiff to nonsuit a claim, and this Court has consistently upheld that provision. We have considered it as creating an absolute right to such a nonsuit. *See, e.g., Jenkins* v. *Goldsby*, 307 Ark. 558, 822 S.W.2d 843 (1992). The dismissal without prejudice was not in error.

## 2. Sanctions

Rule 11 states, in part, that "[i]f a pleading, motion or other paper is signed in violation of this rule, the court . . . shall impose upon the person who signed it . . . an appropriate sanction, which may include an order to pay . . . the amount of the reasonable expenses incurred."

The Trial Court has discretion in determining whether a violation occurred. *See Bratton* v. *Gunn*, 300 Ark. 140, 777 S.W.2d 219 (1989). Only if this discretion is abused will we reverse. *Ward* v. *Dapper Dan Cleaners and Laundry, Inc.*, 309 Ark. 192, 828 S.W.2d 833 (1992).

If Rule 11 is violated the Trial Court "shall impose upon the person . . . a represented party, or both, an appropriate sanction." Obviously the rule contemplates some discretion on the

part of the Trial Court in determining what the sanction shall be, but neither the language of the rule nor our prior holdings supports the proposition that a *pro se* litigant shall be subject to a lesser sanction.

Our decisions interpreting the rule are sparse. The only case cited by the Trial Court on the point of sanctions against a *pro se* litigant is *Thomas* v. *Evans*, 880 F.2d 1235 (11th Cir. 1989), a case in which the question was whether such a litigant should be found in violation of the rule rather than the nature of the sanction to be imposed once a violation had been shown. We know of no precedent which allows a trial court to consider the fact that a party is proceeding *pro se* when determining the degree of the sanction.

Before the Trial Court was evidence that the amount of the fee and expenses to be paid by Mr. Whetstone to his attorney for defending Dr. Chadduck's claim was at least $3,733.89. Rule 11 provides that the Trial Court may award "the amount of the reasonable expenses incurred . . . including a reasonable attorney's fee." While the Trial Court's otherwise thorough order mentioned his awareness of the defendants' expenses in defending Dr. Chadduck's action against them, no explanation is provided as to why the consideration of those expenses should in any way be lessened because Dr. Chadduck was proceeding *pro se*. In these circumstances we deem it appropriate to remand the case to the Trial Court for reconsideration of the sanction imposed with respect to Mr. Whetstone's motion for relief pursuant to Rule 11.

Reversed and Remanded.

CORBIN, J., not participating.