Bernard WHETSTONE *v.* William M. CHADDUCK

95-155                                    900 S.W.2d 558

Supreme Court of Arkansas
Opinion delivered July 10, 1995

*Appellant,* pro se.

*Anderson & Kilpatrick,* by: *Overton S. Anderson* and *C. Timothy Spainhour,* for apppellee

ROBERT H. DUDLEY, Justice. Attorney Bernard Whetstone filed a medical malpractice suit on behalf of William Golden and Kim Golden, Medical Doctors, as parents of Emily Golden, against Dr. William M. Chadduck, a pediatric neurosurgeon, and other medical doctors. The complaint alleged malpractice in the treatment of the Goldens' daughter, Emily. This fact was reported in the *Arkansas Times* in an article titled *Doctors* vs. *Doctors*. Dr. Chadduck took offense at some of the statements in the article and. filed a complaint seeking damages for defamation against several individuals, including Whetstone. Whetstone filed a motion to dismiss and a motion for sanctions under ARCP Rule 11. Chadduck took a voluntary nonsuit at the hearing on Whetstone's motions. The trial court retained for consideration Whetstone's motion for Rule 11 sanctions. After argument from both sides, Chadduck was ordered to pay Whetstone and two other defendants $1,000.

Whetstone appealed. We reversed because the trial court did not consider the amount of Whetstone's reasonable expenses, including attorney's fees, as required by Rule 11. *Whetstone* v. *Chadduck*, 316 Ark. 330, 871 S.W.2d 583 (1994). We remanded for the trial court to reconsider the amount of the sanction in light of the amount of attorney's fees paid. *Id.* at 333, 871 S.W.2d at 584.

Upon remand Whetstone testified that in defense of the defamation suit he incurred expenses of $39,032.07 including attorney's fees of $4,290.17, court costs of $820.95, appeal costs of $731.41, and many other expenses, such as loss of time. The trial court ruled that "a 'reasonable attorney's fee' does not necessarily mean actual legal expenses incurred," awarded Whetstone $250 for the hearing on remand, and entered judgment in the total amount of $1,250. The trial court did not specify the reason it determined that $1,250 was appropriate. Whetstone again appeals. Since our earlier decision to remand and the trial court's review on remand, we have handed down *Crockett* v. *Wilson*, 321 Ark. 150, 901 S.W.2d 826 (1995), which directly deals with factors for determining the appropriateness of Rule 11 sanctions. Because those factors are relevant in this cause, we remand this matter to allow the trial court to consider those factors.

Whetstone additionally asks us to remand the case to another division of the Pulaski County Circuit Court. We have taken such action once, *Robinson* v. *Robinson*, 218 Ark. 526, 237 S.W.2d 20 (1951), but the facts of this case are nothing like the facts of the cited case. Whetstone has not even made a suggestion of disqualification in the lower court.

Reversed and remanded.

CORBIN, J., not participating.