Fenton MCKENZIE, Plaintiff,

v.

Kurt BERGGREN, P.C., a Michigan Professional Corporation, and Kurt Berggren, an individual, jointly and severally, Defendants.

No. 01–72203.

United States District Court, E.D. Michigan, Southern Division.

Feb. 4, 2003.

---

Marian L. Faupel, Faupel & Associates, Ann Arbor, MI, for Plaintiff.

Kurt Berggren (in pro per, co-counsel for Rule 11 Motion only), Ann Arbor, MI, Jeffery S. Matis, Secrest, Wardle, Lynch, Hampton, et al., Farmington Hills, MI, Richard Soble (co-counsel for Rule 11 Motion only), Soble & Rowe, Ann Arbor, MI, for Defendants.

## OPINION AND ORDER

FEIKENS, District Judge.

### INTRODUCTION

Defendant Berggren brings this Rule 11 motion for sanctions against plaintiff's attorney, Marian Faupel. For the reasons below, defendant's motion is DENIED.

### FACTUAL BACKGROUND

This is a legal malpractice claim arising out of defendant Berggren's legal representation of plaintiff McKenzie in the Washtenaw County Circuit Court. McKenzie brought wrongful termination and employment discrimination claims against his employer, Ford Motor Co., and hired Berggren as his attorney. The case settled in the middle of trial for $230,000.00.

McKenzie, however, was not satisfied with the settlement. He hired a new attorney, Marian Faupel, and brought this legal malpractice claim against Berggren for settling without authority, inadequate preparation for trial, and compromising an umpire's decision by incorporating it into the lawsuit.

1. The defense of his case was paid for by his professional liability insurer, and Berggren is not seeking attorney's fees for the defense of the underlying legal malpractice action.

2. Fed.R.Civ.P. 11(c)(1)(A) states that a motion for sanctions

I granted defendant's motion for summary judgment on the grounds that Judge Shelton of the Washtenaw County Circuit Court had already held that McKenzie voluntarily settled the case and that McKenzie did not present sufficient evidence to get to a jury. The grant of defendant's motion for summary judgment is now on appeal to the United States Court of Appeals for the Sixth Circuit.

Berggren now files this Rule 11 motion for sanctions against McKenzie's attorney Marian Faupel for filing a frivolous lawsuit. Berggren claims that he has suffered actual damages of $5,000 in insurance deductibles and in hours worked on this case.[1] He also seeks attorney fees he incurred in hiring attorney Richard Soble to represent him in prosecuting this Rule 11 sanctions motion.

### ANALYSIS

#### Safe Harbor Provision

The amended version of Rule 11 of the Federal Rules of Civil Procedure requires the moving party to follow a two-step process: first, serve the motion on the offending party for a designated period (at least 21 days); and then file the motion with the court.[2] *See Ridder v. Springfield,* 109 F.3d 288 (6th Cir.1997) (holding that if the safe harbor provision is not followed, then motion for sanctions cannot be filed with the court.) The Advisory Committee Notes explain that

[t]hese provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.... [T]he timely withdrawal of a contention will protect a party against a motion for sanctions.

Fed.R.Civ.P. Rule 11 Advisory Committee Notes (1993 Amendments).

shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

**514**

■ The 21–day "safe harbor" period has not been met in this case. Berggren served the motion upon Faupel the same time that it was filed with this court.

Berggren argues that the spirit of the safe harbor period has nonetheless been satisfied. In correspondence with Faupel, Berggren previously stated that he would "pursue Rule 11 sanctions against Ms. Faupel" if she filed a legal malpractice claim against him. In other words, Faupel was put on notice that Rule 11 sanctions might be pursued. Berggren relies on *Barker v. Bank One,* 1998 WL 466437 (6th Cir.1998) (unpublished opinion), a Sixth Circuit case that distinguished *Ridder, supra,* and held that since the offending party was given notice that the moving party might move for sanctions, the safe harbor provision is satisfied.

However, the *Barker* case is wrongly decided. The Advisory Committee Notes on the 1993 Amendment make clear that informal notices do not satisfy the "safe harbor" provision.

> To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run *only* upon service of the motion. In most cases, however, counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion. (emphasis added)

Advisory Committee Notes, 1993 Amendments. In that paragraph, the Advisory Committee clearly does not view an informal notice as a substitute for filing a formal motion. The Committee notes that an informal notice should be given *in addition* to the service of the motion. Therefore, Berggren's warnings to seek Rule 11 sanctions in his letter do not satisfy the safe harbor provision.

■ Additionally, the Rule 11 motion was untimely. The Advisory Committee Notes also prescribe that the Rule 11 motion

> should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely. In other circumstances, it should not be served until

the other party has had a reasonable opportunity for discovery. Given the "safe harbor" provisions discussed below, a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention).

Advisory Committee Notes: 1993 Amendments. *Ridder* also held that

> [i]n sum, adhering to the rule's explicit language and overall structure, we hold that sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day "safe harbor" period before it is filed with or presented to the court; this service and filing must occur prior to final judgment or judicial rejection of the offending contention. Quite clearly, then, a party cannot wait until after summary judgment to move for sanctions under Rule 11.

*Ridder v. Springfield,* at 297. Under this rubric, this Rule 11 motion was untimely. The Rule 11 motions was filed after defendant's motion for summary judgment was granted and the case closed.

*CONCLUSION*

Because the "safe harbor" provision under Rule 11 was not satisfied, defendant's motion for sanctions is hereby DENIED.

**IT IS SO ORDERED.**