Shane CALAWAY *v.* Barbara DICKSON

04-1091                                                    206 S.W.3d 807

Supreme Court of Arkansas
Opinion delivered April 7, 2005

*William C. Plouffe, Jr.*, for appellant.

*Compton, Prewett, Thomas & Hickey, L.L.P.*, by: *F. Mattison Thomas, III*, for appellee.

ANNABELLE CLINTON IMBER, Justice. Appellant Shane Calaway appeals the denial of sanctions against Appellee Barbara Dickson under Rule 11 of the Arkansas Rules of Civil Procedure. This case originated in the District Court of Union County, where then-plaintiff Calaway recovered a $4,000.00 judgment against Dickson. On September 30, 2003, Calaway and Dickson were mailed a letter informing them of the verdict in their district court case, and the letter was filed with the clerk on October 1, 2003. On October 7, 2003, Dickson filed a notice of appeal with the district court. Then on November 12, 2003, Dickson filed a notice of appeal with the Circuit Court of Union County. Both notices of appeal were signed by Dickson's attorney, but neither was accompanied by a record of the district court proceedings.

On December 10, 2003, Calaway filed a pro se motion to dismiss the appeal on the ground that the appeal was not timely filed. Calaway subsequently retained an attorney, and, on February 11, 2004, he filed a supplemental brief. On March 17, 2004, Calaway's attorney sent Dickson's attorney a letter informing him that, because Dickson's appeal was untimely filed, the circuit court did not have jurisdiction. Calaway's attorney requested that Dickson's attorney withdraw the appeal within twenty-one days or Calaway "would be seeking sanctions pursuant to Ark. R. Civ. P. 11." Dickson did not withdraw the appeal. On June 21, 2004, Calaway served Dickson with a motion for sanctions and filed the motion with the court. Following a hearing on June 25, 2004, the circuit court dismissed Dickson's appeal because a certified record of the proceedings in the district court had not been filed in accordance with the requirements of District Court Rule 9(b)(2004).[1] At the hearing, the circuit judge noted that Calaway had filed a motion for Rule 11 sanctions and that Dickson's attorney had not had an opportunity to answer. Calaway's attorney responded that "I think he has 30 days and any stay on determining that is fine, Your Honor." The judge did not, however, postpone the hearing and ultimately denied Calaway's motion for sanctions. In its order, the circuit court concluded that the Rule 11 motion

---

[1] By per curiam order dated December 9, 2004, the Inferior Court Rules have been renamed the "District Court Rules." *See* In Re: Adoption of Administrative Order Number 18 and Amendment of District Court Rules (Formerly Known as Inferior Court Rules), 360 Ark. Appx. 601 (2004).

was not filed in a timely manner for the hearing and a good-faith basis existed for the complained of conduct. Calaway appeals the denial.

This case was certified to us from the court of appeals pursuant to Ark. R. Sup. Ct. 1-2(b)(6) (2004) as an issue involving the interpretation of Ark. R. Civ. P. 11. Certification is proper as this appeal presents an issue involving an interpretation of District Court Rule 9. *Ottens v. State*, 316 Ark. 1, 871 S.W.2d 329 (1994).

The sole point on appeal is whether the trial court abused its discretion in denying Calaway's motion for Rule 11 sanctions. Under Rule 11, an attorney signing a pleading, motion, or other paper on behalf of a party constitutes a certificate that (1) the attorney made a reasonable inquiry into the facts supporting the document or pleading, (2) he or she made a reasonable inquiry into the law supporting that document to ensure that it is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and (3) the attorney did not interpose the document for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation. *Crockett & Brown, P.A. v. Wilson*, 321 Ark. 150, 901 S.W.2d 826 (1995). When a violation of Rule 11 occurs, the Rule makes sanctions mandatory. *Id.* Whether a violation occurred is a matter for the court to determine, and this determination involves matters of judgment and degree. *Id.* Rule 11 is not intended to permit sanctions just because the court later decides that the lawyer was wrong. Instead, the trial court, in exercising its discretion under Rule 11, is expected to avoid using the wisdom of hindsight and should test the signor's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted. *Id.* In denying Calaway's motion for sanctions, the circuit court reasoned that the Rule 11 motion was not filed in a timely manner and that a good-faith basis existed for the complained of conduct. We review the trial court's decision to deny sanctions under an abuse of discretion standard. *Whetstone v. Chadduck*, 316 Ark. 330, 871 S.W.2d 583 (1994).

In its order denying Calaway's motion for sanctions, the circuit court found that "the motion was not filed in a timely manner for this hearing." Arkansas Rule of Civil Procedure 11(b) requires that a motion for sanctions "shall be served as provided in Rule 5 but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or other such period as the court may prescribe), the challenged paper, claim, defense,

contention, allegation, or denial is not withdrawn or appropriately corrected." Ark. R. Civ. P. 11(b). As Calaway violated the timing requirements of Rule 11(b) by filing the motion with the court on the same day he served Dickson, we cannot say that the circuit court abused its discretion in denying the motion for sanctions.

■ While Calaway did send a letter to Dickson on March 17, 2004 (more than twenty-one days before the motion for sanctions was filed with the circuit court), that letter is not sufficient to discharge Calaway's duties under Rule 11. In his motion for sanctions, Calaway argued that the letter complied with Ark. R. Civ. P. 11, stating:

> On or about March 17, 2004, Calaway provided notice, as required by Ark. R. Civ. P. 11(b), to Dickson to provide her with her "21 day safe harbor" period to withdraw the appeal, this motion, as the appeal was completely devoid of merit and frivolous, otherwise sanctions would be requested.

Notably, the letter did describe the specific conduct alleged to violate Rule 11 and was "served" by certified mail, an appropriate manner under Rule 5. However, although these are key requirements under Rule 11(b), the rule specifically requires that the *motion* be served.

Though this issue is one of first impression in Arkansas, the vast majority of federal courts interpreting Fed. R. Civ. P. 11 who have been faced with this question have held that informal notice, or anything short of service of the actual motion for sanctions, is not enough for compliance with Rule 11. 5A Wright & Miller *Fed. Prac. & Proc. Civ. 3d* § 1337.2 (2005). When faced with a situation remarkably similar to our case, the Ninth Circuit Court of Appeals held that multiple letters warning about the possibility of a Rule 11 motion were not enough for compliance with the safe-harbor provision. *Barber v. Miller,* 146 F.3d 707 (9th Cir. 1998). The federal appellate court noted that the requirement of service of a *motion* was deliberately imposed, with a recognition of the likelihood of other warnings, and quoted the Advisory Committee saying:

> To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of the motion. In most cases, however, counsel should be expected to give informal notice to the other party, whether in

> person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion.

*Id.* at 710.[2] The court concluded, "It would therefore wrench both the language and purpose of the amendment to the Rule to permit an informal warning to substitute for service of a motion." *Id.; see also McKenzie v. Berggren*, 212 F.R.D. 512 (E.D. Michigan, 2003); *but see Nisenbaum v. Milwaukee Co.*, 333 F.3d 804 (7th Cir. 2003) (holding that a "warning letter" substantially complied with Rule 11 by alerting Nisenbaum to the problem and giving him more than twenty-one days to desist).

█ The policy reasons behind requiring service of the actual motion, rather than a mere warning letter, are clear. A motion lays out the factual and legal basis for a request in the light most favorable to the requesting party. Requiring the requesting party to serve the actual motion to be filed gives the challenged party the opportunity to examine the request in the same format as the court will eventually see it, thus enabling the challenged party to weigh the merits of the motion and determine if there are any possible defenses to the request. While a letter such as the one sent by Calaway in this case could address some of these concerns, the clear aim of the rule is to give the party against whom sanctions are requested every opportunity to avoid them. Moreover, the plain language of the rule contemplates that the motion itself will be served and does not allow for service of any other document. Based on this analysis, Calaway's warning letter was not sufficient to trigger the start of the twenty-one-day period, and consequently, Calaway's filing of the motion for sanctions on June 21, 2004, was untimely.

Affirmed.

---

[2] The Arkansas Reporter's Notes use almost identical language, only substituting the word "emphasize" for the word "stress." Ark. R. Civ. P. 11 Addition to Reporter's Notes, 1997 Amendment.