2010 Ark. App. 796

**Michael A. HAYES, Appellant**

v.

**Sandra L. HAYES (Otto), Appellee.**

**No. CA 10–58.**

Court of Appeals of Arkansas.

Dec. 1, 2010.

Rehearing Denied Jan. 12, 2011.

Michael A. Hayes, pro se.

David Weil Kamps, Dodds, Kidd & Ryan, Little Rock, for appellee.

JOHN B. ROBBINS, Judge.

Appellant Michael A. Hayes and appellee Sandra L. Otto were divorced in 1998, and the parties had two minor children. Since then, the parties have on numerous occasions been back before the trial court as well as the court of appeals with various controversies, including issues relating to child support. The most recent appeal now before this court relates only to Rule 11 sanctions. On appeal, Mr. Hayes argues that the trial court erred in refusing to sanction Ms. Otto and her counsel, and further erred in sanctioning Mr. Hayes for a violation of the rule. We affirm.

The pertinent history of this case is as follows. In an unpublished opinion delivered on October 31, 2007 (*Hayes v. Otto,* CA 07–15), this court reversed and remanded on the issue of child support because the trial court failed to comply with Administrative Order No. 10. Pursuant to our directions on remand, on August 12, 2008, the trial court entered a subsequent order resolving the child-support issue between the parties. Mr. Hayes appealed from the August 12, 2008, order, and we affirmed the child-support award. *See Hayes v. Otto,* 2009 Ark. App. 654, 344 S.W.3d 689.

The motions for Rule 11 sanctions at issue in this appeal arose from pro se posttrial motions filed by Mr. Hayes after the trial court entered its August 12, 2008, order, and Ms. Otto's responses to those motions. On August 26, 2008, Mr. Hayes filed a "motion to vacate order or in the alternative to amend." That motion consisted of nineteen pages wherein Mr. Hayes raised multiple issues challenging the trial court's decision on child support. On September 2, 2008, Ms. Otto responded to the motion, denying the allegations in each paragraph and asking that the motion be dismissed. On September 8, 2008, Mr. Hayes filed a "motion to amend motion to vacate order." In that motion, Mr. Hayes contended that the trial judge was biased against him, cited examples of the alleged bias, and asked the trial court to recuse. In response to that motion, Ms. Otto generally and specifically denied all of the allegations contained therein. On September 25, 2008, the trial court entered an order denying both of Mr. Hayes's posttrial motions.

On December 9, 2008, Mr. Hayes filed a pro se motion for Rule 11 sanctions against Ms. Otto and her counsel. In his motion, Mr. Hayes alleged that Ms. Otto and her counsel knowingly lied to the trial court by denying every single allegation contained in Mr. Hayes's posttrial motions. Because of these general denials, Mr. Hayes contended that the trial court was ill and insufficiently advised as to matters of law and fact. Ms. Otto responded to the motion for Rule 11 sanctions on December 23, 2008, asking that the motion be denied. On January 9, 2009, Ms. Otto filed a motion for Rule 11 sanctions and attorney's fees against Mr. Hayes. In her motion, Ms. Otto noted that both of Mr. Hayes's posttrial motions were denied by the trial court, and asserted that in Mr. Hayes's motion for sanctions he failed to point to any lying by Ms. Otto, but merely claimed that she must have lied because she denied all of the allegations in his posttrial motions. Ms. Otto argued that sanctions against Mr. Hayes were appropriate because in his motion for Rule 11 sanctions he continued to raise the same allegations that had been settled, resulting in a needless waste of time and expense in responding to the allegations. Ms. Otto refiled her motion for Rule 11 sanctions on May 18, 2009.

After multiple hearings on the motions, the trial court entered an order on August 10, 2009, which denied Mr. Hayes's motion for Rule 11 sanctions and granted Ms. Otto's motion for Rule 11 sanctions. In its order, the trial court found that the facts, allegations, and arguments of Mr. Hayes in his posttrial motions were so intertwined within each paragraph that it would be a time consuming, expensive, and needless increase in the cost of litigation to dissect each paragraph contained in the twenty-six pages of motions and set out the sentences or phrases that might be admitted and which sentences or phrases that should be denied. By way of example, the trial court examined the first paragraph of Mr. Hayes's "motion to vacate order or in the alternative to amend," wherein Mr. Hayes alleged:

This matter was remanded to this Court from the Arkansas Court of Appeals with the stipulation that "the trial court may consider its decision in light of any changed circumstances that arose during the pendency of the appeal." Apparently this Court has interpreted that stipulation to mean it may consider any "change of circumstances" to be treated as if a motion has been made to modify whatever child support it ultimately produces to satisfy the Court of Appeals as to the appealed Order filed August 2, 2006. What this Court did was to hold a hearing and take testimony on July 8, 2008 without apprising Defendant Hayes that the Court was acting as if a motion had been made to modify the parties' child support. Defendant Hayes was severely disadvantaged of being deprived of the chance to make discovery and to prepare to argue and defend the issues that were covered in the hearing.

The trial court noted that the first sentence of the above paragraph was accurate, but that the balance of the paragraph was argument by Mr. Hayes. The trial court indicated that Ms. Otto's denial of the entire paragraph caused Mr. Hayes no prejudice, and that the subsequent paragraphs of Mr. Hayes's motion were much the same. In carefully reading Mr. Hayes's motions, the trial court determined that the only statements that could be admitted were quotes from the opinions of the trial court or court of appeals, or excerpts from Administrative Order No. 10 or other rules. According to the trial court's order, the vast majority of the allegations and statements contained in the motions were argument to which it would

not be reasonable for the opposing party to admit.

In imposing sanctions against Mr. Hayes, the trial court found that Mr. Hayes's motion for Rule 11 sanctions was simply an opportunity to attack the integrity of the court and to reargue the case that had been finally settled by the trial court's September 25, 2008, order that denied Mr. Hayes's posttrial motions. The trial court noted that Mr. Hayes had previously been sanctioned under Rule 11 at the trial level for filing a pleading against Ms. Otto in bad faith with the intent to harass, and that Mr. Hayes had previously (and unsuccessfully) filed motions for Rule 11 sanctions against Ms. Otto's counsel in the court of appeals. Despite being given the opportunity to withdraw his motion for Rule 11 sanctions by the appellee, Mr. Hayes declined, and the trial court found that there was no basis for the motion and that it should have been withdrawn. As a sanction against Mr. Hayes, the trial court ordered that he not be allowed to file any future Rule 11 motions against Ms. Otto or her counsel without first having a licensed attorney verify the pleadings as being well grounded in law and fact. The trial court also assessed attorney's fees of $750 against Mr. Hayes as a result of Ms. Otto's having to defend against his motion for Rule 11 sanctions.

On August 24, 2009, Mr. Hayes filed a motion to amend order and motion for findings of fact and conclusions of law. In that motion, Mr. Hayes contended that he was clearly prejudiced by Ms. Otto's denial of his posttrial allegations in that it appeared that the trial court, relying on the untruthful denials, failed to correct reversible errors, thus forcing Mr. Hayes to appeal to rectify the errors. Mr. Hayes further asserted, "It is also unquestionable that [Mr. Hayes] has no respect for this court and feels it completely lacks integrity, that however, has nothing to do with his motion for Rule 11 sanctions against [Ms. Otto] and her attorney." On September 23, 2009, the trial court denied Mr. Hayes's motion to amend order and motion for findings of fact. On October 22, 2009, Mr. Hayes timely filed his notice of appeal.

On appeal, Mr. Hayes first argues that the trial court erred in finding that Ms. Otto and her counsel had not violated Ark. R. Civ. P. 11. Rule 11(a), which provides:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, and that it complies with the requirements of Rule of Civil Procedure 5(c)(2) regarding redaction of confidential information from case records submitted to the court. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an ap-

propriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Mr. Hayes contends that by denying many of the allegations in his two posttrial motions that Ms. Otto and her counsel knew to be true, they violated the rule. Mr. Hayes asserts that it is nonsensical for the trial court to accept filings from Ms. Otto and her attorney that improperly deny one hundred percent of Mr. Hayes's allegations, and then claim to be "well and sufficiently advised as to all matters of law and fact," as the trial court stated in its September 25, 2008, order denying the posttrial motions.

Mr. Hayes also argues that the trial court erroneously assessed Rule 11 sanctions against him. Mr. Hayes maintains that he committed no violation of the rule, asserting that there was no claim by Ms. Otto that the allegations she denied in her responses to his posttrial motions were honestly denied. Mr. Hayes further complains that no evidence was presented to the trial court that any attorney's fees were paid by the appellee to any attorney to defend against appellant's Rule 11 motion.

We begin our analysis by considering the requirements imposed by Rule 11. By the terms employed in Rule 11, an attorney or party signing a pleading, motion, or other paper on behalf of a party constitutes a certificate that (1) the attorney or party made a reasonable inquiry into the facts supporting the document or pleading, (2) he or she made a reasonable inquiry into the law supporting that document to ensure that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (3) he or she did not interpose the document for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *Ward v. Dapper Dan Cleaners & Laundry, Inc.*, 309 Ark. 192, 828 S.W.2d 833 (1992). When a violation of Rule 11 occurs, the rule makes sanctions mandatory. *Id.* Whether a violation occurred is a matter for the trial court to determine, and this determination involves matters of judgment and degree. *Id.* In reviewing a trial court's Rule 11 determination, we do so under an abuse-of-discretion standard. *Id.*

In *Pomtree v. State Farm Mutual Auto. Insurance Company*, 353 Ark. 657, 121 S.W.3d 147 (2003), the supreme court stated that the primary purpose of Rule 11 sanctions is to deter future litigation abuse, and the award of attorney's fees is but one of several methods of achieving this goal. The moving party establishes a violation of Rule 11 when it is patently clear that the nonmoving party's claim had no chance of success. *Id.* In deciding the appropriate sanction, trial courts have broad discretion not only in determining whether sanctionable conduct occurred, but also what an appropriate sanction should be. *Williams v. Martin*, 335 Ark. 163, 980 S.W.2d 248 (1998). The imposition of sanctions pursuant to Rule 11 is a serious matter to be handled with circumspection, and the trial court's decision is due substantial deference. *Id.*

Applying the law to the circumstances of this case, we hold that the trial court did not abuse its discretion in denying Mr. Hayes's motion for Rule 11 sanctions against Ms. Otto or her counsel. In his motion for sanctions, Mr. Hayes contended that a general denial of the allegations in his posttrial motions violated the rule because at least some of the statements contained therein were true. However, while it is true that some of the statements made among the twenty-six

pages of argument contained in his motions were accurate, these statements consisted of quotes from opinions of the trial court or court of appeals, or excerpts from rules. These correct statements were intermingled in separate paragraphs with extensive argument and representations that could be fairly denied by Ms. Otto. The trial court determined that for Ms. Otto to dissect each paragraph and admit each representation that |₉was unquestionably true would have been a burdensome waste of time and expense. By context, it was clear that Ms. Otto's general denials of each paragraph pertained only to those representations challenging the trial court's methods in determining child support, and to the allegations of impartiality by the trial court. It is evident that these general denials were in material substance well grounded in fact, and caused Mr. Hayes no prejudice. The trial court exercised its broad discretion in determining that Ms. Otto did not engage in sanctionable conduct, and on these facts we cannot say that this was error.

▇ Moreover, we hold that the imposition of Rule 11 sanctions against Mr. Hayes was not an abuse of discretion. Mr. Hayes filed his posttrial motions challenging the child-support award and asking the trial judge to recuse, these motions were denied, and Mr. Hayes appealed to this court challenging only the underlying order. During the pendency of that appeal, he sought Rule 11 sanctions in the trial court based solely on Ms. Otto's general denial of the allegations made in his posttrial motions. As the trial court noted, it appears that Mr. Hayes was using his motion for sanctions to relitigate issues that had already been adversely decided and were then on appeal. It is apparent that the motion had no chance for success and therefore resulted in the needless increase in the cost of litigation. Despite being given an opportunity to withdraw the motion, appellant declined. The trial

court was familiar with the parties and the fact that Mr. Hayes had unsuccessfully filed Rule 11 sanctions against Ms. Otto in the past. According the trial court due deference as we are  |₁₀required to do, we affirm its finding of a Rule 11 violation and the $750 attorney's fee as an appropriate sanction.

Affirmed.

KINARD and ABRAMSON, JJ., agree.