BATEMAN, THOMAS H„ III, Associate Judge.
Attorney Mark W. Rickard timely appeals an October 18, 2005 final order entering sanctions against him personally in the sum of $750.00.
Under the facts of this case, we find that the trial court erred in imposing personal sanctions against Rickard. In this case, Rickard was not given adequate notice and an opportunity to be heard and to present witnesses or other evidence in the case against him. See Moakley v. Smallwood, 826 So.2d 221 (Fla.2002) (while a trial court has the inherent authority to impose sanctions in the form of attorney’s fee against an attorney for bad faith conduct, the authority carries with it the obligation to use restraint as guided by the circumstances and degree of the alleged bad conduct and to provide due process in the form of notice and an opportunity to be heard-including the opportunity to present witnesses and other evidence). Moreover, the trial court’s order does not make any factual findings nor does it state the basis for the award of personal sanctions against Rickard. Therefore, we reverse.

Reversed.

STEVENSON, C.J., and STONE, J., concur.