GERBER, J.
The defendants and their attorneys failed to appear for a jury trial. The plaintiff moved for sanctions against the defendants’ attorneys. The trial court granted the motion. However, the trial court did not find that the defendants’ attorneys acted in bad faith. Instead, the trial court found that the defendants’ attorneys acted negligently. Because the trial court did not make an express finding of bad faith conduct, we are required to reverse. We write to address both the reversal and our concern with the unfairness of this result.
At the March 27 calendar call, the court set the case as the second back-up trial for May 18. The court gave both sides the names of the attorneys on the cases ahead of them and told them to keep apprised of the status of those cases. However, the defendants’ attorneys did not do so.
On May 18, the court’s judicial assistant called both sides to inform them that this case would go to trial on May 18. She left a message on the defendants’ lead attorney’s voice mail. She assumed that the defendants’ attorneys would appear for trial. However, the defendants’ lead attorney did not check his voice mail for the rest of that week.
On May 15, two other courts notified the defendants’ attorneys that they were being called to trial in different counties. However, the defendants’ attorneys did not notify the plaintiff and the trial court that other courts had called them to trial.
On May 18, the defendants and their attorneys failed to appear for trial. The court called the defendants’ attorneys’ office and was told that they were in trial in other counties. Although the court could have proceeded with the trial, the court on its own motion continued the case.
The plaintiff filed a motion for sanctions. The motion alleged:
The failure of an attorney to appear at a scheduled trial date amounts to disregard of a Court Order, jeopardizes the rights of his own client, damages the rights of his opponent and damages the efficient administration of justice. No claim is made by undersigned counsel that opposing counsel did this knowingly or with intent.
(emphasis added). The motion requested that the defendants and their attorneys pay: (1) $10,400.00 for the fees which the plaintiffs attorney incurred in preparing for and attending trial (twenty-six hours at $400.00 per hour); and (2) $350.00 for the wages which the plaintiff lost for having to appear for trial.
The court held a hearing on the motion. The defendants’ attorneys requested the *1163 court to deny the plaintiffs motion because they were unaware that the court had called the case to trial. The court responded, “The issue here this morning is not whether sanctions are going to be imposed, just the amount.” The plaintiffs attorney then testified as to the amounts which the plaintiff was seeking. The defendants’ lead attorney responded that he believed the sanction should be commensurate with the offense. He added, “I’m not really offering an excuse for it, it was not in bad faith; it was not deliberate.”
The court issued a written order granting the plaintiffs motion. The court noted that under Moakley v. Smallwood, 826 So.2d 221, 226 (Fla.2002), it had the “inherent authority to impose sanctions” for the defendants’ attorneys’ conduct. The court then stated:
This situation was caused by the negligence of [the defendants’ attorneys]. Therefore, the Court imposes sanctions against [the defendants’ attorneys] in the amount of $10,750.00. The Court further determines that this is not a “taxable cost” to be assessed at the end of this litigation but rather is due and payable immediately.
(emphasis supplied).
This appeal followed. The standard of review of an order granting sanctions for attorney misconduct is abuse of discretion. Shniderman v. Fitness Innovations & Techs., Inc., 994 So.2d 508, 514 (Fla. 4th DCA 2008).
The defendants’ attorneys acknowledge that their failure to appear was an embarrassing and regrettable event. However, they contend that the trial court abused its discretion when it imposed the monetary sanctions for their failure to appear at trial. They primarily argue that, under Moakley, a court must find an attorney’s conduct to have been in bad faith, and the record establishes that their conduct was not in bad faith. They rely on the plaintiffs motion, which recognized that they did not fail to appear “knowingly or with intent.” They also rely on the court’s order, which found that the matter was caused by their “negligence.”
We are compelled to agree with the defendants’ attorneys. In Moakley, our supreme court held that
the trial court’s exercise of the inherent authority to assess attorneys’ fees against an attorney must be based upon an express finding of bad faith conduct and must be supported by detailed factual findings describing the specific acts of bad faith conduct that resulted in the unnecessary incurrence of attorneys’ fees. Thus, a finding of bad faith conduct must be predicated on a high degree of specificity in the factual findings.
826 So.2d at 227.
Here, the trial court did not make an express finding of bad faith conduct. The trial court also did not make any detailed factual findings describing specific acts of bad faith conduct that resulted in the plaintiffs unnecessary incurrence of attorneys’ fees. Instead, the trial court found that the defendants’ attorneys were merely negligent. Because the trial court did not make an express finding of bad faith conduct, we are required to reverse.
We are concerned with the unfairness of this result. The defendants’ attorneys committed misconduct in three ways: (1) failing to keep apprised of the cases ahead of them as the trial court instructed; (2) failing to check their voice mail to see if the trial court called them to trial; and (3) failing to notify the plaintiff and the trial court that other courts called them to trial. As a result of this misconduct, the plaintiff and his attorney incurred $10,750.00 in fees and costs through no fault of their own. And yet this amount is noncompens *1164 able because the defendants’ attorneys’ misconduct did not rise to the level of bad faith.
Given the unfairness of this result, we believe that our supreme court may wish to re-examine Moakley’s requirement of bad faith. As Justice Wells pointed out in his concurring opinion in Moakley, “bad faith is not defined” in the majority opinion. 826 So.2d at 228 (Wells, J., concurring). In our view, “bad faith” should be defined to include at least both intentional misconduct and reckless misconduct. “[T]o act ‘recklessly’ is to act ‘in disregard of a risk so obvious’ that the ‘actor must be taken to have been aware of it, and so great as to make it highly probable that harm would follow.’ ” Dean Witter Reynolds, Inc. v. Hammock, 489 So.2d 761, 766 (Fla. 1st DCA 1986) (quoting W. Prosser, Law of Torts 185 (4th ed. 1971) (internal citation omitted)).
Applying that definition here, the defendants’ attorneys acted recklessly. By failing to check on the cases ahead of them as instructed, by failing to check their voice mail to see if the trial court called them to trial, and by failing to notify the plaintiff and the trial court that other courts called them to trial, they acted in disregard of the obvious risk that they might have been called to trial in this case. The defendants’ attorneys must have been aware of that possibility and of the financial harm which would follow to the plaintiff and his attorney by failing to appear for trial, plus the harm to the trial court’s docket and to jurors unnecessarily summoned for duty. If Moakley’s definition of “bad faith” included reckless misconduct, then the trial court would have been justified in granting the plaintiffs motion for sanctions.
Thus, we certify the following question of great public importance:
DOES THE DEFINITION OF “BAD FAITH CONDUCT” IN MOAKLEY V. SMALLWOOD, 826 So.2d 221 (Fla. 2002), INCLUDE RECKLESS MISCONDUCT WHICH RESULTS IN THE UNNECESSARY INCUR-RENCE OF ATTORNEYS’ FEES?

Reversed; question certified.

MAY, J., concurs.
DAMOORGIAN, J., concurs specially with opinion.