PER CURIAM.
The former wife appeals from an amended final judgment of dissolution of marriage. We reverse the portion of the order making the former wife responsible for the full cost of missed or canceled appointments required under the parenting plan. In context of the remainder of the order, this directive operates as an automatic, prospective sanction without an opportunity to be heard as to whether any missed or canceled appointments are the result of the former wife’s intentional failure to obey a court order, which is improper. Cf. Rojo v. Rojo, 84 So.Sd 1259, 1262 (Fla. 3d DCA 2012) (reversing contempt sanctions for the former wife’s failure to send a child to visit her father where there was no showing that she had the ability to do so); see Rickard v. Bomscheuer, 937 So.2d 311, 311 (Fla. 4th DCA 2006) (requiring notice and an opportunity to be heard before the imposition of sanctions). We also reverse the portion of the order imputing income to the former wife and remand the case to the trial court to reconsider that issue. The finding that the former wife has the ability to work full-time is not supported by competent, substantial evidence. Undisputed evidence, including the list of appointments the former husband agreed were necessary for the former wife to keep during the work day, indicated to the contrary, and the court erred in failing to account for the travel time required to keep appointments occurring at 5:00 p.m. or shortly after. Additionally, the court’s ruling does not reflect any consideration of the appointments the former wife is required to attend without the children or of the children’s medical appointments.
*347 For the foregoing reasons, we reverse outright the provision requiring the former wife to bear the full cost of missed and canceled appointments, and we reverse the imputation of income and remand for further consideration of that issue. We affirm the remainder of the order.
AFFIRMED in part; REVERSED in part; and REMANDED.
VAN NORTWICK, RAY, and OSTERHAUS, JJ, concur.