Per Curiam.
Moráis Witter seeks review of an order imposing sanctions against his attorney and the corresponding final order awarding attorney’s fees. Appellant argues that the orders were legally insufficient because the trial court failed to make any express findings of bad faith conduct. We agree and reverse.
In August 2014, Deutsche Bank filed a verified foreclosure complaint against appellant. Appellant filed a motion to quash service of process and set the motion for an evidentiary hearing on May 11, 2015. On May 8, 2015, appellant’s attorney filed a notice of calendar conflict with the hearing date, explaining that she was scheduled for a trial in Miami-Dade County and was unable to get the trial continued. She requested that the motion to quash hearing be rescheduled. Her May 8 notice included a certificate of service, certifying that she had emailed a copy of the notice to opposing counsel.
Deutsche Bank’s attorney and appellant appeared at the hearing on May 11, but appellant’s attorney did not. Counsel for Deutsche Bank told the trial court that appellant’s attorney did not contact his office regarding a continuance of the hearing. He made an ore terms motion for attorney’s fees as sanctions against appellant’s attorney. The trial court granted the motion and instructed Deutsche Bank’s attorney to prepare an order clarifying that the attorney’s fees were awarded against appellant’s attorney—not appellant.
On May 13, 2015, the trial court then entered an order continuing the hearing and stating that appellant’s attorney was “responsible for sanctions in favor of [Deutsche Bank’s] attorney for having to appear at the scheduled hearing.” The trial court later entered a final order establishing the amount of attorney’s fees. This appeal ensued.
“The standard of review of an order granting sanctions for attorney misconduct is abuse of discretion.” Rivero v. Meister, 46 So.3d 1161, 1163 (Fla. 4th DCA 2010). A trial court’s decision to impose fees on an attorney “must be based upon an express finding of bad faith conduct and must be supported by detailed factual findings describing the specific acts of bad faith conduct that resulted in the unnecessary incurrence of attorneys’ fees.” Moakley v. Smallwood, 826 So.2d 221, 227 (Fla. 2002). Therefore, there must be a high degree of specificity to support a finding of bad faith conduct. Id.
In Rivero, the plaintiff filed a motion for sanctions, alleging that the defendants and their attorneys failed to appear at a scheduled trial date. 46 So.3d at 1162. The trial court held a hearing on the motion, and without making an express finding of bad faith conduct, granted the motion. Id. On appeal, we reversed the trial court’s decision, stating as follows:
Here, the trial court did not make an express finding of bad faith conduct. The trial court also did not make any detailed factual findings describing specific acts of bad faith conduct that resulted in the plaintiffs unnecessary incurrence of attorneys’ fees. Instead, the trial court found that the defendants’ attorneys were merely negligent. Because the trial court did not make an express finding of bad faith conduct, we are required to reverse.
Id. at 1163.
Similarly, in this case, the trial court failed to make an express finding of bad faith conduct when imposing sanctions against appellant’s attorney. Accordingly, we reverse that portion of the trial court’s *340 May 13, 2015 order imposing sanctions and the subsequent final fee award.

Reversed.

Taylor, Levine and Conner, JJ., concur.