DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GREGORY M. OCHALEK,**
Appellant,

v.

**ANTONIO RIVERA** and **JOCELYNE GOMEZ,**
Appellees.

No. 4D17-165

[December 20, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dale C. Cohen, Judge; L.T. Case No. FMCE07-004184 (37/91).

Gregory M. Ochalek of Gregory M. Ochalek, P.L.L.C, Miami, for appellant.

No brief filed on behalf of appellees.

MAY, J.

An attorney appeals a sanctions order entered against him. He argues the trial court erred in entering the order because he was not given notice and an opportunity to be heard, and the court failed to make a bad faith finding and articulate the grounds for the sanctions. We agree and reverse.

The attorney previously represented the mother in a family law dispute. He filed three motions to withdraw. Following his first motion, he filed a limited notice of appearance regarding a discovery matter. He subsequently filed two agreed motions to withdraw, with the final motion reflecting the mother had obtained new counsel and the father was representing himself pro se.

The mother's new counsel filed a pleading, and the trial court granted the attorney's motion to withdraw. When the father failed to respond to the pleading, the mother's new counsel moved for a default.

The attorney suggests that although he had withdrawn from

representation of the mother, he was still her "non-advocate" counsel. He claims the mother retained him to review her new counsel's billing methods, case progress, and provide "strategic advice." Due to this relationship, the mother asked him to attend the hearing on the motion for default.

He claims he pulled the docket to prepare for the hearing, and discovered that the mother's new counsel filed a pleading before he withdrew as counsel. He appeared at the hearing on the motion for default and argued that the new counsel had inappropriately filed a pleading before he withdrew and had not filed a notice of appearance or substitution of counsel. He claims to have told the trial court that the Florida Bar had disciplined the new counsel in the past, and the father was unaware of any record activity since the new counsel became the mother's attorney.

The father filed a motion to strike the mother's pleading six days before the attorney claims to have attended the hearing. In the motion, the father alleged the attorney informed him about the pending motion for default, and he moved for sanctions against the mother's new counsel. He claimed that the new counsel was aware the father was pro se, but served her pleading and default motion on the father's previous lawyer, who had withdrawn.

The trial court denied the motion for default in light of the father's motion to strike. It also denied the father's motion to strike and for sanctions against the mother's new counsel.

The mother's new counsel then set the father's deposition. The same day, the attorney filed a notice of appearance so he could attend the deposition. The father failed to appear for the deposition.

The mother's new counsel then filed a petition for a rule to show cause why the father should not be held in contempt for missing the deposition. She also moved to strike the attorney's new notice of appearance and for sanctions against him. The motion alleged that the attorney was interfering in the case despite no longer representing the mother.

The mother requested the court to hold the attorney responsible for the fees and costs stemming from the missed deposition, and time spent preparing the motion for sanctions. The attorney responded in opposition detailing his "non-advocate" relationship with the mother. He argued there was no record evidence to support the mother's allegations in the motion for sanctions. And, he requested an evidentiary hearing.

2

The trial court granted the motion for sanctions and entered the following order.

> Granted. Mr. Ochalek's is barred from interfering and involving himself any further in the above captioned matter. Unless [the mother] comes into court and tells the court she no longer wishes Ms. Bassichis to represent her and wants Mr. Gregory M. Ochalek to represent her instead. Mr. Ochalek shall not file pleadings in this matter. The court award two (2) hour of attorney fees to respondent's councel, reasonable and necessary at $300 per hour, totaling $600 to be paid to Jodie Bassichis PA within thirty days (30). In regards to the order to show cause, the court request same to be a special set hearing.

(Errors in the original). From the order, the attorney now appeals.

The attorney argues the order is deficient because the trial court did not: 1) list the authority it relied upon to impose sanctions; 2) make an express finding of bad faith conduct; and 3) provide an opportunity to be heard.

We review a trial court's sanctions order for an abuse of discretion. *Rivero v. Meister*, 46 So. 3d 1161, 1163 (Fla. 4th DCA 2008).

Generally, a court may only award attorney's fees if authorized by a statute, rule, or contract. *Bane v. Bane*, 775 So. 2d 938, 940 (Fla. 2000). But, trial courts have the inherent authority to assess attorney's fees for attorney misconduct. *Moakley v. Smallwood*, 826 So. 2d 221, 224 (Fla. 2002).

This inherent authority is known as the "inequitable conduct doctrine," and is reserved for those extreme cases where a party acts in bad faith, vexatiously, wantonly, or for oppressive reasons. *Id.*; *see also Bitterman v. Bitterman*, 714 So. 2d 356, 365 (Fla. 1998) (recognizing that such orders are rare).

The inherent authority of the court carries with it the obligation of restrained use and due process. *Moakley*, 826 So. 2d at 227. If the court exercises its inherent authority to assess attorneys' fees against an attorney, it "must be based upon an express finding of bad faith conduct and must be supported by detailed factual findings describing the specific acts of bad faith conduct that resulted in the unnecessary incurrence of attorneys' fees." *Id.*

3

"Thus, a finding of bad faith conduct must be predicated on a high degree of specificity in the factual finding." *Id.* And, the amount of the award must be directly related to the attorneys' fees and costs incurred as a result of the specific bad faith conduct of the attorney. *Id.* "Moreover, such a sanction is appropriate only after notice and an opportunity to be heard-including the opportunity to present witnesses and other evidence." *Id.*

We have reversed orders when they failed to contain factual findings or state the basis for awarding personal sanctions. *Rickard v. Bornscheuer*, 937 So. 2d 311, 311 (Fla. 4th DCA 2006). Similarly, we have reversed orders where notice and an opportunity to be heard are lacking. *Id.*

Here, the trial court failed to make an express finding of bad faith conduct. It failed to make any detailed factual findings describing the specific conduct that resulted in the mother's unnecessary incurrence of attorneys' fees. The order merely recites that the attorney must pay $600 to the mother's new counsel because the attorneys' fees were "reasonable and necessary." This conclusory statement is insufficient under *Moakley*.

We therefore reverse and remand the case to the trial court for proceedings consistent with this opinion.

*Reversed and remanded.*

GROSS and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***