DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WANDA I. RUFIN, P.A.,** and **WANDA I. RUFIN,**
Appellants,

v.

**ALICIA MARIA BORGA** and **MARCO AURELIO PEREZ,**
Appellees.

No. 4D19-491

[February 26, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas R. Lopane, Judge; L.T. Case No. 12-08235 FMCE.

Wanda I. Rufin of Wanda I. Rufin, P.A., Miami, for appellants.

No brief filed for appellees.

LEVINE, C.J.

Wanda Rufin, an attorney, appeals the order requiring her to pay opposing counsel $3,900 in attorney's fees as a sanction for her conduct during the dissolution proceeding below. Because this issue was not noticed for hearing, we reverse and remand.

Rufin represented the husband below in a dissolution proceeding. After the final judgment of dissolution of marriage, the wife's attorney served a notice of hearing on Rufin, notifying her of a hearing to address only two matters: (1) the wife's motion for attorney's fees based on her need and the husband's ability to pay, and (2) the wife's motion for contempt against the husband due to his failure to comply with a request for production. Significantly, the notice of hearing made no mention that any attorney's fees would be sought against Rufin personally as a sanction.

During the hearing, and after the trial court granted the wife's motion for attorney's fees, the wife's counsel requested that the court award attorney's fees as a sanction against Rufin personally. The trial court granted the request and ordered Rufin to pay $3,900 in attorney's fees as a sanction for her bad faith conduct. Rufin appeals, claiming a violation

of her fundamental right to due process.

The United States and Florida Constitutions guarantee due process of law.  U.S. Const. amend. XIV, § 1; Fla. Const. art. I, § 9.  "The denial of due process rights, including the opportunity to be heard, to testify, and to present evidence, is fundamental error."  *Weiser v. Weiser*, 132 So. 3d 309, 311 (Fla. 4th DCA 2014).

"A trial court possesses inherent authority to award attorney's fees and costs for bad faith conduct against a party."  *Hicks v. Hicks*, 284 So. 3d 576, 578 (Fla. 4th DCA 2019).  Although the trial court has this authority, the trial court still has the obligation to provide due process.  *Moakley v. Smallwood*, 826 So. 2d 221, 226-27 (Fla. 2002).  Accordingly, such a sanction is appropriate only after notice and an opportunity to be heard.  *Id.* at 227.

In the instant case, the trial court denied Rufin due process.  The notice of hearing stated that only two matters would be addressed: (1) the wife's motion for attorney's fees against the husband, and (2) the wife's motion for contempt against the husband.  Nothing in the notice of hearing put Rufin on notice that the court would consider attorney's fees as a sanction against her personally at the hearing.  "A trial court violates a party's due process rights when it expands the scope of a hearing to address and determine matters not noticed for hearing."  *Rodriguez v. Santana*, 76 So. 3d 1035, 1037 (Fla. 4th DCA 2011) (citation and internal quotation marks omitted); *see also Williams v. Primerano*, 973 So. 2d 645, 647 (Fla. 4th DCA 2008) ("A trial court cannot determine matters not noticed for hearing or award relief not sought by the pleadings.").

Because the trial court imposed the attorney's fees sanction without notice and opportunity to be heard, we reverse and remand.[1]  *See Rickard v. Bornscheuer*, 937 So. 2d 311, 311 (Fla. 4th DCA 2006) (reversing where trial court imposed personal sanctions against attorney without adequate notice and opportunity to be heard).

*Reversed and remanded.*

MAY and GERBER, JJ., concur.

---

[1] We offer no opinion on the merits of the imposition of attorney's fees as a sanction.  The motion for sanctions may be considered as long as the requirements of due process are followed.

* * *

*Not final until disposition of timely filed motion for rehearing.*